## SWEATMAN *v.* EDMUNDS.

1. One who purchases land, is let into possession, and pays the purchase money is entitled to specific performance, and for all practical purposes must be regarded as the owner. It does. not alter the case if part of the purchase money is paid after his death.

2. Where vendee took possession of land under agreement to purchase, partly paid the purchase money and died intestate, and the payments were then completed for him, upon which the vendor made deed to the widow alone, such deed was a fraud upon the two-thirds interests of the children of the vendee. The plea of *bona fide* purchaser for valuable consideration without notice is purely equitable and cannot be interposed as a good defence against the legal title.

3. These children were certainly entitled to their interests in the land as against subsequent purchasers from their mother with actual notice of the children's claim, or with that notice which the law implies from their residence with their aunts on a part of this land.

Before NORTON, J., Fairfield, July, 1887.

The opinion states the facts of the case. The Circuit decree, omitting its statement, was as follows :

  The possession of the plaintiffs jointly with their mother, and the purchase by Cloud from the mother the next day after she received titles, at less than one-third of the value of the land, taking into consideration the improvements by George Sweatman, satisfy me that Cloud had such notice of plaintiffs' equity as to warrant me in holding him to be a trustee for the plaintiffs

as to two-thirds of the land. The proof as to the defendant, Fox, is stronger. While he purchased at a somewhat higher price, yet it was on a credit, and he lived in the same neighborhood since 1858, and he must have had actual as well as presumptive knowledge of the possession of George Sweatman and his heirs, from 1868 to the time of the said Fox purchase. He went into possession of the greater part of the land, and left the plaintiffs in possession (as of right, so far as the proof shows, and I believe) of the balance without protest on his part.

The defendants, R. S. Desportes and J. A. Desportes, seem to have had no actual notice of plaintiffs' possession and equity, but the plaintiffs had possession of part of the land, and their co-tenant, Douglass Fox, had possession of the other part, no partition lines having been drawn between them. Yet Fox's papers covered the whole, the Desportes took a mortgage of the whole, and they were bound to take notice of the possession of the plaintiffs, which would have put them upon the inquiry, and an inquiry would have developed the plaintiffs' interest.

It is ordered, adjudged, and decreed, that the plaintiffs are each entitled to two-ninths of the tract of land in dispute, and the defendant, Douglass Fox, to the other one third thereof. That the one-third of Douglass Fox, and no more, is subject to the mortgage of the defendants, R. S. Desportes and John A. Desportes. That the defendant, Howell Edmunds, do pay the costs of the plaintiffs and of the defendants, R. S. Desportes and John A. Desportes. That the cause be continued, with leave to any party hereto to apply at the foot of the decree for further orders herein.

*Mr. G. W. Ragsdale*, for appellants.

*Messrs. Obear & Rion*, contra.

February 10, 1888. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. In 1868, Howell Edmunds sold George Sweatman a small tract of land (about thirty acres) for two hundred dollars on a credit. No deed of conveyance was made to Sweatman, but he was put into possession and made

improvements on the land.   He died intestate in 1871, leaving
a small balance of the purchase money still unpaid, and a widow,
Bessie· L. Sweatman, and three children (plaintiffs), Lillian, Lucy
B., and Georgiana Sweatman.   Two maiden sisters of the de-
ceased intestate, George Sweatman, (Agnes and Rachel) lived on·
their brother's place, and after his death they gathered the cot-
ton which had been planted by him, and paid Edmunds in full
the balance of the purchase money, for the benefit of their nieces,
the plaintiffs, who, after their father's death, left their mother
and lived in another house on the place with their aunts.

On January 11, 1881, Howell Edmunds made a deed of the
whole tract to the widow, Bessie L. Sweatman (widow of George),
and on the next day she conveyed it to one T. E. Cloud, for and
in consideration of the sum of seventy-five dollars ; and about the
same time he agreed to sell the land to Douglass Fox upon a
credit for one hundred and twenty-five dollars.   Cloud died be-
fore the purchase money was paid or titles made, and Fox, in
November, 1882, instituted an action for specific performance
against his heirs, and had a decree therefor ; and on the payment
of the balance of the purchase money, titles were executed to
him by order of the court.   But to these proceedings for specific
performance none of the heirs of George Sweatman were made
parties.   Fox went into the possession of the greater part of the
place, and about 1882 mortgaged it to the defendants, R. S.
Desportes & Co.

Some controversy having arisen as to the rights of the parties,
the three minor children of George Sweatman, deceased, by *pro-
chein amy*, instituted this proceeding for partition of the land,
claiming that as heirs at law of their father, George Sweatman,
they were entitled to two-thirds of the lands of which they had never
been divested ; that the deed to their mother really conveyed only
her one-third interest,and that Edmunds, the original vendor, should
be required to convey to them their shares of the land.  Douglass
Fox answered, claiming under chain of title from the mother,
Bessie L. Sweatman ; that Cloud purchased the whole land from
her, without notice of the rights of her children ; and that he
also purchased from Cloud without notice, and claimed to have
the rights of a purchaser·for valuable consideration without notice.

R. S. Desportes & Co. also answered, claiming the same defence, and insisting that they at least, as mortgagees of Fox, were purchasers for valuable consideration without notice, which was a right superior to that of the plaintiffs.

The cause was heard by Judge Norton, who decreed for the plaintiffs, holding as matter of fact, that the possession of plaintiffs jointly with their mother, and the purchase by Cloud from the mother, the next day after she received titles, at less than one third of the value of the land, satisfied him that Cloud had such notice of plaintiffs' equity as to make him trustee for the plaintiffs as to two-thirds of the land. He found as to Fox, that having lived in the neighborhood since 1858, he must have had actual notice of the possession of George Sweatman and his heirs down to the time of his purchase; and that as to R. S. Desportes & Co., the plaintiffs were in possession of part of the land when they took their mortgage of it, and they were admonished by that possession to make inquiry, "and such inquiry would have developed the interest of plaintiffs."

From this decree the defendants appeal to this court upon the following exceptions:

"1. For that his honor should have held that the defendant, Douglass Fox, was a *bona fide* purchaser of the land described in the complaint for a valuable consideration without notice, and as such entitled to be protected against the claim of the plaintiffs.

"2. For that his honor should have held that the defendants R. S. Desportes & Co., were in their turn *bona fide* purchasers of the said land for valuable consideration without notice, and also entitled to be protected against the claim of the said plaintiffs.

"3. For that his honor should have held that T. Ellison Cloud, deceased, through whom the other defendants claim, was a *bona fide* purchaser of the said land for a valuable consideration without notice.

"4. For that his honor should have held that the possession of the plaintiffs was not of such a character as could operate as notice to the defendants, Fox and Desportes & Co., so as to put said defendants upon inquiry as to the plaintiffs' claim.

"5. For that his honor should have held, in any event, that the possession of the plaintiffs could only operate as notice of

their interests in so much of the said land as they were exclusively possessed of," &c.

When George Sweatman died, he was really the owner of the land in dispute. It is true, no formal deed had been made to him in his life-time; but one who purchases land, is let into the possession, and pays the purchase money, is entitled to specific performance, and for all practical purposes must be regarded as the owner. It does not alter the case if part of the purchase money is paid after the death of the purchaser. *Roberts* v. *Smith*, 21 *S. C.*, 461. Dying intestate, Sweatman's interest in the land was cast by descent upon his heirs at law, one-third to his widow, and *two-thirds to his children*, the plaintiffs. If that did not give them formal paper title, it certainly gave them the best right to it. The conveyance of the vendor, Edmunds, including the whole interest in the land to the widow, was in fraud of the rights of the children, and carried only her interest, one-third, leaving the remaining two-thirds in the children, in the nature of a legal right. It is well settled in this State that the plea of *bona fide* purchaser for valuable consideration without notice is purely equitable, and cannot be interposed as a good defence against the legal title. *Black* v. *Childs*, 14 *S. C.*, 318; *Adams Eq.*, *162, and notes; *Blake* v. *Heyward*, *Bail. Eq.*, 220.

But taking the view of the court below, that the right of the plaintiffs in the land was only an equity, we agree that it was superior to that of the defendants. The Circuit Judge found as matter of fact, that the successive purchasers, Cloud and Fox, had actual notice of the claim of Sweatman's children, who were in unbroken possession of part of the premises, from the death of their father until the action was brought; and he held as matter of law, that the possession of the children was sufficient to put the mortgagees, Desportes & Co., upon the inquiry as to how they were there. We cannot say that the finding was without evidence to support it, or that the ruling was error. Although the possession was limited to a part of the land, it was enough to put the parties upon an inquiry, which would have developed the true state of facts—that there never had been partition, and that as tenants in common they had an undivided interest in the whole. If the mortgagees did not know of the possession, that

was no fault of the plaintiffs. "As the record of a prior deed is notice, whether it is actually known or not, so possession, whether known or not, is also sufficient notice." *Sheorn* v. *Robinson*, 22 *S. C.*, 32; *Biemann* v. *White*, 23 *Id.*, 490; *Graham* v. *Nesmith*, 24 *Id.*, 285.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE SIMPSON concurred, and MR. JUSTICE McIVER concurred in the result.