8134

FOLK v. BROOKS.

REAL PROPERTY—SPECIFIC PERFORMANCE—EQUITABLE LIEN—BETTERMENTS.—One advancing money to another to pay a debt under a parol agreement and deposit of deed that if the debt is not paid in a year the land should be his, going in possession of his own motion about the expiration of the time and making improvements, under the evidence here is not entitled to specific performance of a contract to purchase or to an equitable lien as against the purchaser at a foreclosure sale of a mortgage executed by the owners after he was in possession, but he is entitled to betterments. Section 2457, Code of 1902, does not apply to a parol purchase of land and possession thereunder.

Before MEMMINGER, J., Sumter, July, 1910. Modified.

Action by Richard C. Folk against James Brooks, Jane Brooks et al. Defendant Benjamin Jasper appeals.

Mr. L. D. Jennings, for appellant, cites: What facts entitle purchaser of land to prove contract by parol: 22 S. C. 32; 27 S. C. 621; 21 S. C. 455, 480; 28 S. C. 58; 39 S. C. 356; 48 S. C. 496; 63 S. C. 551; 40 S. C. 147. Possession is sufficient notice: 22 S. C. 32; 23 S. C. 490; 24 S. C. 285; 28 S. C. 58.

Mr. J. H. Clifton, contra.

March 12, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In this action for partition the main question is whether on the trial the defendant, Benjamin Jasper, established an equitable title to the land described in the complaint, or an equitable lien thereon which should prevail over the plaintiff's legal title to a three-fourths interest.

In 1897 the tract of land in dispute containing about twenty-five acres was conveyed by W. Eugene Lenoir to

Eunice Brooks, Willoughby Sanders, Jane Brown, and Advil Hicks. Mr. H. Frank Wilson rendered to the grantees professional services in procuring the conveyance to them for which he made a charge of twenty-five dollars. Benjamin Jasper's claim to the land is based on an alleged contract with the owners of the land, which he testified was that he should pay the debt to Mr. Wilson and hold the title deed made by Lenoir, and that if the owners failed to repay him within a year he was to take possession and have the land as his own. The evidence is convincing that Jasper paid the debt, that the owners did not repay him, that he has been in possession of the land since 1900, and that he built a house on the land and made other improvements. The evidence also leads to the indubitable conclusion that Jasper paid the money and subsequently went into possession relying on some agreement or understanding with the owners that he was to be protected by being allowed either to go into possession and become the owner of the land or to have a lien on it. But it is impossible to say with confidence what his relation to the land was to be. His testimony and his action indicates that he understood the contract to be that he was to have full ownership in case the owners failed to refund within a year the money paid by him to Mr. Wilson, and there was other testimony to the same effect. But Jane Brown, one of the parties, testified that she offered to pay Jasper her share of the money and he refused to receive it, and the testimony of Pinckney Dinkins was to the effect that the contract was that the land was to stand as security for the money advanced. In view of this uncertainty as to the nature of the agreement, even if Jasper were asserting an equitable title against the owners of the land with whom he dealt, the Court would be obliged to hold the evidence of a contract for the transfer of ownership to be not clear and convincing, and would therefore refuse to decree specific performance. *McMillan* v. *McMillan*, 77 S. C. 511, 58 S. E. 431.

But the case of Jasper against the plaintiff is still weaker. In May, 1901, after Jasper had taken possession of the land, Willoughby Sanders, Jane Brown and Advil Hicks executed a mortgage to the plaintiff covering the land in dispute to secure the payment of fifty-one dollars. This mortgage was foreclosed, and at the master's sale the plaintiff became the purchaser and received a conveyance of the interests of the mortgagors. He testified that he took the mortgage without notice of the possession of Jasper or of his alleged contract with the mortgagors; and there was nothing on record charging him with constructive notice of Jasper's claim.

Section 2457 of the Civil Code provides: "No possession of real property described in any instrument of writing required by law to be recorded shall operate as notice of such instrument; and actual notice shall be deemed and held sufficient to supply the place of registration only when such notice is of the instrument itself or of its nature and purport." When the contract for the purchase of the land is not written and therefore not an instrument required by law to be recorded this section has no application; and so we have the somewhat anomalous state of the law that possession of one who pays the purchase money and takes a formal deed conveying the land is no notice to subsequent purchasers or creditors of the claim of the person in possession, while the possession of one who pays the purchase money and enters under a mere parol contract for conveyance to him is notice of the equity of the party in possession. While the authority of *Sheorn* v. *Robinson*, 22 S. C. 32; *Sweatman* v. *Edmunds*, 28 S. C. 58, 5 S. E. 165, and other like cases, holding possession to be notice to the world of the equities of the person in possession under a parol contract, must be recognized, it is obvious that the reason for requiring the facts out of which the equities arise to be clear and convincing is stronger when the rights of persons claiming as innocent purchasers or creditors are involved

than where the controversy is between the contracting parties.

We have sought without avail some ground for holding that Jasper should have a lien on the land for the twenty-five dollars advanced by him to the owners. There was no evidence of any kind of a contract to make a mortgage in the future, and no written agreement that Jasper should have a lien or claim on the land; on the contrary the only evidence relating to a lien on the land to secure the advancement was the parol evidence to the effect that the parol agreement should itself constitute a lien. The courts of equity have never gone to the extent of holding that the loan of money with the parol agreement that the debt should be a lien on the land constitutes a lien. So to hold would be to disregard the statute of frauds. It is true that Jasper took possession of the land about a year after the agreement was made, but this can not avail to impress the loan of the money on the land as a lien for two reasons. The first is that the owners did not put him in possession as a part of the same transaction with the making of the loan; on the contrary the taking of possession was his own act done under the claim that it was originally agreed that he should take possession at the maturity of the loan if it was not repaid. Hence the facts do not bring this case within the principle of those cases where there was a contract relating to the sale of land and a delivery of possession by one party and a taking of possession by the other as part performance of the contract of sale. The other reason is that mere change of possession can not be regarded as part performance of a parol agreement that a creditor shall have a lien on land for the repayment of money loaned. We are unable to find any case where it has been so held. Change of possession is not in this State an incident or concomitant of the creation of a mortgage or lien. The apparent hardship of the enforcement of the statute of frauds according to its terms has led the Courts into refinements which have been the fruitful

source of litigation and of carelessness in the making of contracts as to land. We are not inclined to add another refinement by holding that notwithstanding the statute, an equitable mortgage is created in favor of a creditor who lends money on a mere parol agreement that the loan shall constitute a lien and that he shall take possession if the loan is not paid at maturity, and who in enforcement of the alleged agreement after default enters into possession.

We think therefore that the conclusion of the referee and the Circuit Court was correct and that the defendant, Benjamin Jasper, has failed to establish his equity against the legal title of the plaintiff to three-fourths interest in the land conveyed by the master to the plaintiff or to a lien thereunder. The result is a hardship on Jasper greatly to be regretted. But such hardships are inevitable to those who will not take the trouble to express in writing and to record their contracts relating to the title of property which they intend to claim against the world.

The claim of Jasper to be allowed the increment of value due to his improvements has a more substantial foundation. However vague the contract between Jasper and the owners of the land may have been, the preponderance of evidence supports the allegation that Jasper supposed at the time he made the improvements that he was the owner of the land and made the improvements relying on that *bona fide* belief. The building and clearing has added to the value of the property, and the plaintiff and the defendant, Eunice Brooks, will thus receive the benefit of Jasper's labor and money. Under the cases last cited Jasper's possession was notice to the plaintiff of any equitable claim which Jasper had against the owners at the time the plaintiff took the mortgage and also notice of such equity to the plaintiff as purchaser at the foreclosure sale. There can be no doubt that if an action to recover the land had been brought against Jasper by the owners who gave the mortgage to the plaintiff, Jasper would have been entitled to the benefit of his improvements. He

has the same right against the plaintiff who occupies the position of a purchaser with notice of his equity. It is true that in *Annely* v. *DeSaussure,* 12 S. C. 488, this Court refused to allow improvements made on land by a purchaser who was assured by the executor of the mortgagor that the land was unincumbered, on the ground that improvements put upon mortgaged land are not refunded in equity as benefits conferred on the mortgagee. But that principle does not apply in this case, for there the improvements were put on the land after the execution and record of the mortgage, while here possession was taken and the improvements were made before the mortgage was executed.

The evidence of the increased value imparted to the land by the improvements is not entirely satisfactory, but the property is of small value and it should not be consumed by further litigation. We think it safe to say that the value of the land has been increased one hundred and fifty dollars by Jasper's improvements, and that he should be allowed that sum as a charge on the land with interest from January 1, 1907, the date when the first item of rent was charged against him, less the rents charged against him by the referee.

The judgment of this Court is that the judgment of the Circuit Court be modified according to the conclusions herein stated.

MESSRS. CHIEF JUSTICE GARY *and* MR. JUSTICE HYDRICK *only participate in this opinion and concur in the result.*