THE STATE v. PACIFIC GUANO COMPANY.

1. When a case is of such a character as to entitle the parties to a trial by jury, it can be tried only in that way, or in some other way to which the parties have consented, for no other mode of trial can be substituted for that guaranteed by the constitution, except by consent.

2. Where parties consented that the trial should be by the court, upon testimony taken and reported by a referee, and a portion of the issues have been so tried, those remaining undisposed of must be tried in the same way, unless both parties consent to substitute some other mode of trial for the issues not yet determined. Without such consent, the cause cannot then be submitted to a jury or to a referee to hear and determine the issues.

Before HUDSON, J., Beaufort, May, 1887.

The appeal was from the following order:

"On motion of counsel for the State of South Carolina, plaintiff herein, after due notice to the counsel for the defendants, it is

"Ordered, that the *remittitur* of the Supreme Court in the above entitled cause be filed in this court, and that the judgment and decree of the Supreme Court be made the judgment and decree of this court.

"Ordered further, that the judgment rendered herein by his honor, Judge Cothran, in this court, and filed 29th July, 1886, be, and the same is hereby, reversed and set aside, and that a new trial be had under the order of reference of his honor, Judge Fraser, bearing date 10th February, 1885."

After due notice and upon the call of this case upon the calendar, the foregoing order was moved for by the plaintiff's counsel, but was opposed by counsel for the defence, who insisted that the order of reference made by Judge Wallace, February 2, 1884, having been affirmed by the Supreme Court, is binding upon this court still, and cannot be superseded by another order of reference; that the subsequent order of reference made by Judge Fraser, February 10, 1885, and under which the case was eventually tried by Judge Cothran, was inadvertently defective, in that the referee was therein required only to take and report the testimony, and not required to ascertain the amount of the phosphate rock dug, mined, and appropriated by the defendants, and the damages to be awarded therefor under the principles of the decree of Judge Wallace, as interpreted by the Supreme Court. To this the counsel for the plaintiff replied, that if any order of reference was still of force, it was that of Judge Fraser, and that they would consent to no order of reference except to one of like terms; that they had never consented to a trial by referee and never would do so, but would only consent to have him take and report testimony. To this proposition the counsel for the defendant company would not consent, and insisted upon the order of reference granted by Judge Wallace, or one like unto it, as the case could not be properly tried by the court unless the referee was required to ascertain the amount and value of the rock mined.

After much argument, the counsel for the plaintiff stated that they were willing to have the case tried by the court upon testimony taken by a referee, or by testimony taken before the judge in open court, and upon no other terms would they waive trial by jury. The defendant's counsel refusing to consent to either of those propositions, counsel for the plaintiff orally moved to have the case transferred to calendar 1 and stand for trial by jury. Counsel for the defendant denied the right of the plaintiff now to demand a trial by jury after having waived the right on the previous trial. This irreconcilable contention as to the method of trial I am called upon to settle, and I will do so briefly, as I have no time to dwell at length upon the questions presented.

It is conceded that this information by the State is an action

at law in trespass to settle title to beds of streams and for damages.   A trial by jury is the right of the parties, but was waived on the previous trial.   The Supreme Court has reversed the judgment of this court, and ordered a new trial.   Does the previous waiver of trial by jury continue binding?   I think not, nothing is settled by that judgment affecting the mode of trial, but it is to be *de novo.*   That court has settled the principles and methods upon and by which the damages shall be ascertained, but whether the case shall be tried by jury, by the court, or by referee, was a matter of choice by the parties in the former trial, and is a matter of consent now.   The right of trial by jury is open to either party now, just as it was before.

But admit, for argument's sake, that the waiver is still of force, it was only waived in order that the case should be tried by the court.   In such a case, can the court order a compulsory reference?   Certainly not, because it does not come within any of the classes in which a compulsory reference can be ordered. Hence, if it be referred, it must be done by consent, and, of course, the terms of the reference must likewise be by consent. Because parties waive trial by jury, and consent to trial by the court, the court cannot, against the consent of either party, refer the trial to a referee, but must hear the evidence in open court, and decide the case without the aid of a referee, unless it be a case of the class to be referred by compulsion, and this is not such a case.   It is error to say that the order of reference by Judge Wallace is still of force; it was superseded by the order of Judge Fraser; and that order is now superseded by the judgment of the Supreme Court granting a new trial.   These orders are both executed, and have expired.   Without a new order and direction as to the method of trial, nothing can be done; no progress can be made.

If the parties desire a reference, they must say so, and agree upon the order; if they desire the court to try the case on evidence taken in open court, without a jury, they must so agree, and take the order; or if either party wishes to demand a jury, it must be granted.   It would be wrong, if not monstrous, to hold that because parties have waived a jury on one trial of a case at law, that waiver binds them in all future trials.   It might as well be

said that a cause having once been tried by a jury, that it could never thereafter be tried by the court after new trial granted. After trial by jury, and a new trial granted, the parties are still at liberty to waive trial by jury and consent to trial by the court; and *vice versa*, after trial by the court, and new trial granted, either party can demand trial by jury.

In this case I think it was wise to ask trial by the court, and think that they will yet recur to that mode of trial, but I cannot force them to do it, and since a jury is demanded, I must grant it; but in doing so I leave the parties at liberty to select this mode of trial. Let the case be placed on calendar one and be tried by a jury, unless the parties agree otherwise, and it is so ordered. If the case should be tried by the court with the aid of a referee, I would not hesitate to say that the referee should be directed to ascertain and report the damages.

It is further ordered, that the *remittitur* be filed with the clerk of this court, and that the judgment of the Supreme Court be made the judgment of this court.

*Messrs. A. T. Smythe, W. J. Verdier,* and *A. M. Lee,* for plaintiff.

*Messrs. C. R. Miles* and *T. G. Barker,* contra.

February 11, 1888. The opinion of the court was delivered by

MR. JUSTICE McIVER. The only question raised by the present appeal, which is the third one taken in the case, is as to the mode of trial, and hence it is only necessary to state so much of the proceedings as is necessary to a proper understanding of that question.

The first order upon this subject was granted by Judge Aldrich on October 30, 1882, whereby it was referred to a referee "to take the testimony in this case, together with an account of all phosphate rock and phosphatic deposits dug, mined, or removed by defendants from the several creeks mentioned in the information herein, or any or either of them. That the said referee be, and he is hereby, authorized and empowered to hold references and take such testimony either in the Counties of

Beaufort or Charleston and any other county of this State, as the convenience of counsel or witnesses may require, or as he may deem necessary, and that the referee do report such testimony and account to this court."

In pursuance of this order the referee took the testimony and reported the same to the court, upon which report and the exceptions thereto, the case was heard by Judge Wallace, who, after determining the main issues in the case, directed that it be re-referred to the same referee "to take testimony and report to this court what quantity of phosphate rock and phosphatic deposit have been taken from the beds of said creeks, and converted to the use of defendants, and the value of the same in its natural state and position; and that the State of South Carolina is entitled to a judgment for the sum so ascertained." From this decree both parties appealed upon the several grounds set out in the report of the case as found in 22 *S. C.*, 50, but none of the exceptions raised any question as to the mode of trial of the issue undisposed of by the decree of Judge Wallace. On November 21, 1884, this court filed its decision in which the judgment of the Circuit Court, as therein interpreted, was affirmed. In that decision this court, without referring to the manner in which the reference was to be held, used this language: "We see no reason to doubt the correctness of the conclusion on the Circuit, that another reference was necessary. It may have the effect of preventing injustice. In regard to the principle on which the judge directed the damages to be ascertained, we see no error. We concur with him that the defendants mined in the beds of these streams running through their lands under an honest but mistaken belief of their right to do so."

When the *remittitur* was sent down, an order was passed by Judge Fraser on February 10, 1885, after due notice to the counsel for defendants, making the judgment of the Supreme Court the judgment of the Circuit Court, in which the referee was directed "to take the testimony heretofore directed by the decree of this court, confirmed by the Supreme Court, with leave to hold references for that purpose either in the Counties of Beaufort or Charleston, as the convenience of the counsel or witnesses may require, or as he may deem necessary; and that the

referee do report such testimony to this court, with any and all exceptions thereto made by any party to this cause." In pursuance of this order the referee reported the testimony, and the case was heard by Judge Cothran upon the testimony so reported. It appears from the minutes of the referee that at the first reference, held under the order of Judge Fraser, an entry was made in such minutes, by agreement of the counsel representing the several parties, in these words : "It is understood that the authority of the referee, under the order above set forth, is to take and report to the court the testimony produced before him." Judge Cothran rendered his decree upon the testimony so taken, which upon appeal was reversed, not, however, upon any ground affecting the present inquiry, and the case remanded for a new trial.

When the case was called by Judge Hudson for a new trial under the decision of the Supreme Court, a controversy arose between the parties as to the mode of trial—the plaintiff contending that the issue remaining to be tried, as to the amount of damages which the plaintiff is entitled to recover, must be tried by the court, upon testimony taken and reported by the referee, while the defendants contended that the mode of trial was already determined by the decree of Judge Wallace, affirmed by the Supreme Court, and that the trial must be by the referee. The judge held that the case being one in which the right of trial by jury was secured to both parties by the law, such a mode of trial could not be dispensed with except by consent, and that the previous waiver of such right and consent to another mode of trial was not binding on the present trial; and he therefore ordered that the case be placed upon calendar 1 for trial by jury, unless the parties consented to some other mode of trial. From this order both parties have appealed upon the several grounds set out in the record, which need not be repeated here.

There can be no doubt that Judge Hudson was correct in ruling that the case was of such a character as that originally either party had a right to demand a trial by jury ; but we do not agree with him that the previous waiver of such right and consent to another mode of trial was no longer binding upon the parties. While it may be true that, in a case where the right of trial by

jury has been waived, and the case has, by consent, been tried by the court, and a new trial ordered by the Supreme Court, either party may, upon such new trial, insist upon his constitutional right of trial by jury, or *vice versa*, where such a case has been tried by a jury and a new trial ordered, the parties may consent that such new trial shall be by the court instead of by the jury, yet we do not think that this would apply to the present case. Here the parties originally consented that the case, of. course meaning the *whole* case, should be tried by the court, upon testimony taken and reported by a referee, and accordingly. the main issues were so tried, leaving undetermined the single issue as to the amount of damages which the plaintiff was entitled to recover, and in such a case we do not think it competent for either party to demand, or for the court to order, another mode of trial of the issue remaining undetermined, but that such issue must be tried in the same manner as the other issues which have been determined, unless the parties consent to substitute another mode of trial for such undisposed of issue. The plaintiff having waived its right to a trial by jury upon the condition that the case, which, of course, embraces all the issues involved in it, should be tried by the court upon testimony taken and reported by a referee, cannot now be forced into any other mode of trial ; and the defendants having consented that all the issues should be tried by the court, and having enjoyed the benefit of that mode of trial so far as the main issues in the case are concerned, can- not now insist upon another mode of trial for the single issue undisposed of.

It is, however, strenuously urged by the counsel for defend- ants that the mode of trial which they demand has been conclu- sively determined by the decree of Judge Wallace, affirmed by this court. It is not perfectly clear to our minds that Judge Wallace intended, by the language which he used in ordering another reference, to interfere with the mode of trial agreed upon by the parties, and it is quite certain that this court had no such inten- tion in affirming that decree. But aside from this, there was no issue before Judge Wallace as to the mode of trial, and therefore anything that he may have said upon that subject was outside of the issues he was called upon to determine, and can scarcely be

regarded as *res adjudicata*. This is the view which was mani-
festly taken by all the parties to the case, for when Judge
Fraser was applied to upon due notice for an order to make the
judgment of the Supreme Court, affirming the decree of Judge
Wallace, the judgment of the Circuit Court, and to carry the
same into practical effect, by requiring the referee to take and
report the testimony in accordance with the original agreement
as to the mode of trial, embodied in the order of Judge Aldrich,
there was not only no objection interposed by counsel for defend-
ants, but, on the contrary, at the first reference held under that
order, there was an entry made on the minutes, by agreement of
counsel, showing that the same mode of trial originally agreed
upon was to be preserved.

Again, it is urged that when the parties to a case entitled to
a trial by jury have waived such right, and consented to a trial
by the court, it is within the power of the court to order that all
or some of the issues be referred to a referee to hear and deter-
mine the same, as an aid to the court in rendering its judgment,
even without the consent of the parties. To this proposition we
cannot assent. The right to refer a case to a referee for trial
rests upon the consent of the parties, and the only exceptions to
this general rule are those laid down in section 293 of the Code.
Now, as was said in *Smith* v. *Bryce* (17 *S. C.*, at page 543),
"It is true that the language used in section 295 [now section 293]
of the Code seems to be broad enough to authorize a reference,
without the consent of the parties, in *any* case where the exami-
nation of a long account is necessary, but this language must be
construed as applying only to those cases in which a trial by jury
is not secured to the parties, in order to avoid a conflict with that
provision of the constitution guaranteeing that right."

It seems to us, therefore, that when a case is of such a charac-
ter as to entitle the parties to a trial by jury, as this case has here-
tofore been determined to be, it can only be tried in that way,
or in some other way to which the parties have consented, and
that no other mode of trial can be substituted for that guaranteed
by the constitution, except by consent. In this case both par-
ties consented that the trial should be by the court, upon testi-
mony taken and reported by a referee, and a portion of the issues

have been so tried, and those remaining undisposed of must be tried in the same way, unless both parties consent to substitute some other mode of trial for the issues not yet determined.

The judgment of this court is, that the order appealed from be reversed, and that the case be remanded to the Circuit Court for such further proceedings as may be necessary to carry out the. views herein announced.