## DANIEL v. HESTER.

1. An unrecorded deed, with continuous possession thereunder, takes precedence of a subsequent deed and mortgage, duly recorded, even though the subsequent purchasers had no actual notice of the prior deed; for the possession of the prior purchaser was notice of his rights.
2. The doctrine of the law that "possession is notice" applies to possession under a legal title as well as under an equitable one.
3. Recording is not an essential element of a valid deed, and notice supplies the place of recording.
4. It will be assumed that the charge to the jury and the decision of the judge were based upon correct principles, where the charge and decision are not stated in the "Case" for appeal.
5. Matters stated only in exceptions cannot be accepted as correct statements of the case.

Before FRASER, J., Colleton, October, 1887.

The opinion fully states the case.

*Messrs. Edwards & Tracy*, for appellants.

The Hester deed was effectual from its date (Oct. 15, 1867), because recorded in time, while the Raysor deed of January, 1867, only became effectual from its record, January 12, 1872. 6 *Rich.*, 437; 2 *Hill Ch.*, 219; 11 *Rich.*, 118; 1 *Strob.*, 121; 20 *S. C.*, 197. Mere naked possession is not notice, but it must be a possession that will convince a reasonable mind of the necessity of inquiry. The doctrine is equitable in its character, and does not apply where it is based upon a legal paper title. In such case, the record, not possession, gives the notice. 22 *S. C.*, 32.

*Messrs. Howell & Murphy*, contra.

Notice is equivalent to recording. 6 *Rich.*, 437; 14 *S. C.*, 626. And possession is notice. 14 *S. C.*, 626; 22 *Id.*, 32; *Pom. Eq. Jur.*, § 615; 4 *Scam.*, 117; 38 *Am. Dec.*, 124; 2 *Lead. Cas. Eq.*, 165; 23 *S. C.*, 492; 24 *Id.*, 295; 28 *Id.*, 58.

July 13, 1888. The opinion of the court was delivered by

MR. JUSTICE McIVER. The plaintiff brought this action to foreclose a mortgage of a piece of land, executed by the two Hesters, and in his complaint alleged that the other defendants were in possession of the mortgaged premises, claiming some interest therein, accruing since the execution of the mortgage. The Hesters made default, but the other defendants answered, setting up title in themselves superior to the mortgage. Judge Witherspoon, who heard the case originally, rendered judgment of foreclosure against the Hesters, but suspended the execution thereof until an issue, which he ordered, could be tried as to the title set up by the answering defendants. This issue was tried before Judge Fraser, and the verdict being in favor of those defendants, the same was confirmed and an order granted by Judge Fraser perpetually enjoining the sale under the judgment of foreclosure granted by Judge Witherspoon. The plaintiff appeals upon the several grounds set out in the record, which need not be repeated here, as the only questions raised thereby will hereinafter be fully stated.

The facts out of which those questions arise are agreed upon, and may be stated substantially as follows : the defendants, who were the actors in the issue of title, relied upon a deed from one John May to T. E. Raysor for a tract of land embracing the premises covered by the mortgage, dated January 6, 1867, but not recorded until January 13, 1872, and upon "proof that T. E. Raysor went into possession under said deed, and used and cultivated the lands conveyed therein, during the year 1867, and that the lots of land described in the plaintiff's mortgage were almost in the centre of the fields cultivated by the said Raysor in 1867, and that Raysor continued in possession, and used and cultivated (the same) up to June 28, 1873," when he made some of the intermediate conveyances of portions of the land hereinafter referred to. The defendants, other than the Raysors, claim portions of the land through intermediate conveyances from said T. E. Raysor, and the Raysor defendants claim as his heirs at law. The plaintiff relied upon a deed from the said John May to the defendant, J. G. Hester, dated October 15, 1867, and recorded November 28, 1867, as well as upon the mortgage from the Hesters, dated September 22, 1868, and recorded September 30, 1868.

So that the fundamental inquiry in the case is as to the priority of the two deeds from the original owner, John May. The deed to T. E. Raysor, though prior in date, not having been recorded within due time, and not until after the execution and record of the deed to Hester, cannot take precedence of the latter unless Hester, or the plaintiff who claims under him, had notice, either actual or constructive, of the deed to Raysor at the time they acquired their interest. It being a conceded fact that T. E. Raysor was in possession of the land in controversy, both at the time of the execution of the deed from May to Hester, and at the time of the execution of the mortgage from Hester to the plaintiff, the inquiry is narrowed down to the question whether such possession is notice. This question has been so conclusively determined by several recent cases, that it is now no longer open to controversy. *Sheorn* v. *Robinson*, 22 S. C., 32 ; *Biemann* v. *White*, 23 *Id.*, 490; *Graham* v. *Nesmith*, 24 *Id.*, 285; *Sweatman* v. *Edmunds*, 28 *Id.*, 58.

It is earnestly contended, however, by the counsel for appellant that the benefit of notice derived from possession can only be invoked by one who claims under an *equitable* title, and where, as in the present case, the claim is under a *legal* title, the doctrine does not apply. We are unable to discover any foundation for such a distinction. The theory upon which the doctrine proceeds is that it would be a fraud for one to buy property to which he knows, or ought to know, another has a prior claim, and it would be just as much a fraud to permit one to buy property to which he knows, or ought to know, another has a *legal* title, which he has failed to record, as to permit him to buy property to which he knows, or ought to know, another has an *equitable* claim, which he has omitted to perfect by obtaining a legal title. Indeed, as was said in the separate opinion in the case of *Sheorn* v. *Robinson, supra,* the logical result of the doctrine that possession was notice, would be that one in possession under an unrecorded deed would prevail over another holding a duly recorded deed; and this is conceded to be the necessary consequence by the distinguished author, upon whose authority the decision in that case mainly rested. See *Pom. Eq. Jur.,* § 615.

It is a mistake to suppose, as seems to be urged by counsel for appellant, that recording is one of the essential elements necessary to constitute a deed, and that without it the deed is valid only as to the parties themselves and their heirs. Whatever doubts may have arisen as to this matter, growing out of the phraseology of the recording act of 1785, have been set at rest ever since the case of *Tart* v. *Crawford,* 1 McCord, 265; and it is now well settled that notice supplies the place of recording. Even under the marriage settlement acts, and the acts in regard to the renunciation of inheritance by a married woman, where the language used is much stronger than that found in the act of 1785, it is well settled that notice supplies the place of recording. See the cases collected in *Wingo* v. *Parker,* 19 S. C., at page 16.

If, then, T. E. Raysor was in possession at the time of May's conveyance to Hester, and at the time of Hester's mortgage to the plaintiff, that fact operated as notice to both Hester and plaintiff, and supplied the place of recording, and hence his title,

being prior in date, was superior to theirs, and those claiming under him are entitled to the benefit of his superior title, even though they may have had constructive notice of the deed from May to Hester and of the mortgage from Hester to plaintiff, derived from the recording of those papers.

Something is said in the argument of the counsel for appellant as to the insufficiency of the evidence to show that T. E. Raysor's possession was of such a character as to constitute notice. The testimony is not set out in the "Case," though in the agreed statement of facts, which is there set out, the statement above copied as to the proof of Raysor's possession, does not indicate that it was not open, notorious, and continuous, but rather the contrary. Indeed, as neither the charge of the Circuit Judge to the jury, nor the grounds of his decision are set out, or even stated in the "Case," we must assume, in the absence of any evidence to the contrary, that the jury were correctly instructed as to the character of the possession necessary to constitute notice, and that the Circuit Judge based his decision upon correct principles. It is true that, *in the exceptions*, various errors are imputed to the Circuit Judge, both in his charge and his rulings; but, as we have again and again found it necessary to say, we are not at liberty to accept any statement of a fact or ruling of the Circuit Judge which appears only in the exceptions, but must look alone to the "Case" for such statements. The reason of this is obvious; for while the "Case" proposed by appellant is open to amendment, his exceptions are not, and hence there is no way of preventing the incorporation into the exceptions of erroneous or incorrect statements, while they may be excluded from the "Case."

Hence, while we have no reason to suppose that any erroneous statements were incorporated into these exceptions, and certainly do not mean to intimate even that any such statements were intentionally incorporated therein, yet we must observe the rule in this as in all other cases. We have, therefore, not deemed it necessary to consider the exceptions *seriatim*, but only to inquire whether there is any error in the judgment appealed from, under the facts as set forth in the "Case," and we are pleased to find that, judging from the argument of appellant's counsel, we

have been able to consider the points which he seemed to regard as material.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.