## ELLIS v. YOUNG.

1. The plea of purchase for valuable consideration without notice may be defeated by showing notice in the purchaser (1) from the proper record of the deed or other paper under which the other party claims; (2) from actual knowledge of such deed or other paper, whether recorded or not, before completing the payment of the purchase money; or (3) from such open and unconcealed possession as will amount to notice.

2. Concurrent findings of fact by master and Circuit Judge approved.

3. Where a party treats an instrument as a mortgage and sues for its foreclosure, his only standing in court is upon the theory that the paper sued on is a mortgage.

4. Where a mortgagee lives upon the mortgaged land with the mortgagor, who is her son-in-law, as a member of his family, and he works and controls the land, and she exercises no acts of ownership thereon, she is not a "mortgagee in possession," nor is her residence there any notice of her claim against the land.

Before FRASER, J., Abbeville, February, 1889.

The opinion states the case. The instrument referred to in the opinion was executed by John E. Ellis, under his hand and seal, on January 1, 1861, in the presence of two witnesses, and was as follows:

"STATE OF SOUTH CAROLINA, }
     "Abbeville District.          }

"Know all men by these presents, that I, John E. Ellis, of said district and State, did receive from Cynthia Ann Wakefield the following amounts of money, to wit: 22d October, 1860, one hundred dollars; December, 1860, one hundred and seventy-five

dollars; 1st January, 1861, one hundred and fifty dollars; these amounts, making in all four hundred and twenty-five dollars; this money was received by me to pay for a tract of land bought by me from W. H. Parker, commissioner in equity, and known as the Brownlee tract, containing two hundred and thirty-two and one-quarter acres, more or less, being said district and State, lying on headwaters of Job Creek, bounded by lands of R. M. Ellis, Z. Haddon, Andrew Stevenson, Wm. J. Johnson, Bethlehem church, and others, and now in order to secure the amount of four hundred and twenty-five dollars to Cynthia Ann Wakefield, now this indenture or contract in writing is made this day by me to give and secure to Cynthia Ann Wakefield an interest in said tract of land bought by me from W. H. Parker, commissioner in equity, October 3d, 1859, containing two hundred and thirty-two and one-fourth acres, more or less, and she does, from this time forth, hold an interest in said land before mentioned to the amount of four hundred and twenty-five dollars.

"In witness whereof," &c.

*Mr. Eugene B. Gary*, for appellant.

*Mr. Walter L. Miller*, contra.

July 12, 1889.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    John E. Ellis, plaintiff, appellant, in 1859 bought from the commissioner in equity for Abbeville County a certain tract of land, containing some two hundred and thirty acres, and in 1861 having received from Mrs. Cynthia Ann Wakefield, his monther-in-law, at different times, four hundred and twenty-five dollars in the aggregate, which amount having been applied to the purchase money of said land, he executed a paper under seal (which is found in the "Case"), in which he acknowledged the receipt of this sum and of its application, as above, stating therein that in order to secure Mrs. Wakefield, said paper was made with the view to give her an interest in the land to the amount of $425, advanced to him, and by him used as above stated. Mrs. Wakefield, as already stated, was the mother-in-law of Ellis, and lived with him on the premises mentioned. The paper above was never recorded. On salesday in 1885 the sheriff of Abbeville sold this land under an execution in favor of Cochran & Banner *v.* Ellis, and it was bid off

by the defendant, Young, at $1,205, who paid the purchase money and received title.

In 1888, Mrs. Wakefield having died in the meantime, and the said Ellis being executor of her will, the action below was instituted by said executor upon the instrument above, styling it a mortgage, and praying a foreclosure thereof, a sale of the land and an application of the proceeds to executor's claim as above stated. The defendant, Young, interposed the defence of a *bona fide* purchaser without notice, and plead the statutes of limitations and presumption of payment by lapse of time.

The master, to whom the case was referred, found as matter of fact that Young had no actual knowledge of the existence of the paper sued on up to the time when he completed his purchase from the sheriff, by paying the purchase money and receiving titles, and he sustained the defence of *bona fide* purchaser without notice, overruling the other defences. Upon exceptions to the master's report from both sides his honor, T. B. Fraser, holding that the defences of the statute of limitations, and of the presumption of payment by lapse of time, were personal privileges, which might be waived, overruled said defences, but decreed that, whatever might be the character of the interest of Mrs. Wakefield, and whether the paper sued on should be regarded as a mortgage, or the evidence of a resulting trust in favor of Mrs. Wakefield, yet it was never recorded, and the fact that she lived with her son-in-law, Ellis, could not have the effect of notice of her claim, whether an interest in the land or a claim to have a debt paid out of it, the testimony not showing that she exercised acts of ownership from which any claim of interest could be inferred in favor of Mrs. Wakefield. He therefore ordered and adjudged that the complaint be dismissed.

The plaintiff has appealed, alleging error to this decree and to the facts upon which it was predicated, as found by the Circuit Judge. The defendant also gave notice that he would ask the Supreme Court to sustain the decree and to dismiss the complaint on the grounds that the claim of plaintiff was barred by the statute of limitations and by the presumption of payment by the lapse of time, and also because the paper offered by the plaintiff

as a mortgage is not a mortgage, but an evidence of an interest in land.

The primary and main question in the case is as to the first defence of the defendant. The defence of a *bona fide purchase*. without notice may be defeated in one of three ways: 1st. Where the adverse claimant stands upon a deed or other paper by proving its record according to law. 2d. By showing actual knowledge of its existence before the defendant has completed his purchase by payment of the purchase money, whether it has been recorded or not; and, 3d. Where the party claims by having been in possession by showing open and unconcealed possession, of the character, and as announced in *Sheorn* v. *Robinson* (22 S. C., 40), and the other cases on that line. These are all questions of fact, and in this case they have all been determined against the appellant, both by the master and the Circuit Judge. The vital point, therefore, in the appeal of plaintiff resolves itself into the question whether these concurrent findings must be sustained.

There is no claim that the paper under which plaintiff demands relief was ever recorded, so there is no foundation for the appeal on that ground. As to actual notice, true there is a conflict in the testimony, but the master who had the witnesses before him found for the defence, in which the Circuit Judge concurred. We see no reason to overrule this finding. And as to the third ground, to wit, possession on the part of Mrs. Wakefield, we think the findings were sustained by evidence. In fact, the very character of appellant's action is, in substance, a denial of such possession. The appellant regards the paper under which he claims as a mortgage executed to secure the payment of borrowed money. He styles it a mortgage and sought its foreclosure as a mortgage. He repudiates the idea of its being an instrument conveying an interest in land, and he rests upon it as a security for money advanced by his testatrix, and it is only in that view that he has any standing in court. The land was purchased by the defendant in the first instance, and we suppose he went into possession as such purchaser. True, his mother in law, Mrs. Wakefield, lived with him, not, however, as part owner, but as one of his family, and holding a mortgage to secure the money

which she had loaned Ellis, and which Ellis had used in part payment of his purchase money.    But there is no pretence that she was a mortgagee in possession.    The only evidence of possession came from the appellant, and he only says: "That she lived there—made that her home—and we supported her.    She died at my house.    She didn't work any of the land herself.    I worked it all, and she just lived there as one, of the family, &c., as her home.    I considered that she had an interest in the land." We do not think that such residence on the land in the house of the defendant under such circumstances brings the case up to the principle announced in *Sheorn* v. *Robinson, supra,* or any other of the cases cited.

Having reached the conclusion which we have on these questions, we have not regarded it necessary to consider the questions raised by the defendant's notice, nor whether he adopted the proper practice therein.    His purpose was to sustain the decree upon the grounds stated in his notice, in the event that the ground upon which it was based should fail.    That ground has not failed, therefore defendant's grounds have not been reached.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.