7152

## FOSTER v. BAILEY.

REAL PROPERTY—NOTICE—DEEDS—RECORDING.—Where A. and B. owned adjoining lots; A. sells B. a strip of his lot, makes him a deed, puts him in possession and the two move the dividing fence on the new line; B. does not record his deed for some time; A. afterwards sells his lot to C., describing it in his deed as it originally stood, and C. records the deed; C. sells to D., with same description as in A.'s

deed, and D. records; D. sells to E. after B.'s deed from A. is recorded, C. assisted in repairing the dividing fence, supposing he had the area called for by his deed; there is no such actual notice of the unrecorded deed or its nature or import as required by the statute to take the place of the recording.

Before GARY, J., Spartanburg, March, 1908.   Affirmed.

Action by Amanda E. Foster against W. G. Bailey and T. L. Tucker.   From judgment for plaintiff, defendants appeal.

*Messrs. Wilson & Osborne,* for appellants, cite: *Estoppel in pais need not be pleaded:* 27 S. C., 235; 81 S. C., 332; 16 Cyc., 778. *Evidence as to boundaries admissible:* 13 Cyc., 628; 5 Cyc., 937, 940, 969, 971; 38 S. C., 501. *Proof of boundaries:* 59 S. C., 133; 82 S. C., 131. *No additional grounds by respondent can be considered in jury case:* 59 S. C., 498.

*Messrs. Sanders & DePass,* contra, cite: *Estoppel can not be shown by contradicting deed:* 69 S. C., 93; 27 S. C., 380; 81 S. C., 211. *Evidence showing fraud not admissible in absence of allegation:* 40 S. C., 101; 78 S. C., 486; 58 S. C., 59. *Owner without notice can convey good title to one with notice:* 23 S. C., 501; 6 Rich. Eq., 176; 13 Rich. Eq., 241. *Acts done subsequent to transaction do not support estoppel:* 16 Cyc., 741, 744; 57 S. C., 507; 42 S. C., 348. *Permitting further evidence is within discretion of trial Judge:* 57 S. C., 294.

April 9, 1909.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This is an action to recover possession of land and resulted in a verdict and judgment for the plaintiff by direction of the Court.

Both parties claim under A. J. Chapman as the common source.   In 1898, Chapman was owner of certain premises

being lots 4 and 5 as represented on plat of Wofford estate lands, and fronting one hundred and twenty feet on North Church street in the city of Spartanburg, S. C., and defendant, Tucker, was owner of lot No. 3 of said estate land, lying north and adjacent to Chapman's premises. On March 5, 1898, Chapman conveyed to Tucker a portion of his said lot No. 4, being a strip adjacent to Tucker's lot, and fronting twenty feet on North Church street, but the deed was not put on record until July 21, 1900. Tucker, however, immediately went into possession and he and Chapman, within a few days after the execution of the deed, moved the fence formerly dividing their premises so as to place the said strip within Tucker's enclosure. Tucker has been in exclusive possession since the execution of his deed. In the meantime, on December 24, 1895, Chapman conveyed to Dr. Julian H. Allen, in consideration of $900, the said lots 4 and 5, described as fronting 120 feet on North Church street, without making any reference to the portion thereof previously conveyed to Tucker, and this deed was recorded January 23, 1899. By deed, dated December 4, 1904, recorded February 1, 1905, consideration $1,075, Allen conveyed the premises to R. H. Foster, describing the same as in Chapman's deed to him. By deed, dated July 22, 1905, recorded February 28, 1906, consideration love and affection and one dollar, the heirs at law of R. H. Foster conveyed the premises with same description to plaintiff.

The real contest in this appeal is whether there was any testimony tending to show that Dr. Allen, at the time of his purchase, had notice of the previous unrecorded deed of Chapman to Tucker, for, if there was no such testimony, the direction of a verdict for plaintiff was proper under the undisputed facts.

The fact that the deed from Chapman to Tucker was recorded before the conveyance to R. H. Foster would not prevent plaintiff's recovery, if Allen had no notice when he purchased, under the principle that a purchaser for value

without notice can convey a good title to one with notice, the immunity of the grantor's title passing to the grantee. *Jones* v. *Hudson,* 23 S. C.; 501; *Williams* v. *Jones,* 74 S. C.; 262, 54 S. E., 558; 23 Ency. Law, 2d. ed., 477; 24 Ency. Law, 2d ed., 134.

There was testimony that Tucker was in exclusive possession of the lot in question at the time Allen purchased, but sec. 2457, Code 1902, provides: "No possession of real property described in any instrument of writing required by law to be recorded shall operate as notice of such instrument; and actual notice shall be deemed and held sufficient to supply the place of registration only when such notice is of the instrument itself or of its nature and import." This statute, approved December 24, 1888, changed the rule declared in *Sheorn* v. *Robinson,* 22 S. C., 32; *Daniel* v. *Hester,* 29 S. C., 147, 7 S. E., 65, and like cases that possession is notice of an unrecorded deed. The cases of *Harman* v. *Southern Ry.,* 72 S. C., 235, 51 S. E., 689, and *Southern Ry* v. *Howell,* 79 S. C., 286, 60 S. E., 677, are not conclusive for appellant, as the possession under an unrecorded deed in each of those cases arose at a time when the rule in *Daniel* v. *Hester* was in force and was a continuing possession at the time the subsequent deed was made.

There was, however, testimony that before Allen bought he was shown the premises by Epton and Hottel, agents of Chapman, and knew that the property he was negotiating to purchase was the property lying between the fences; that some two or three years after Allen purchased and before he conveyed to Foster, the fence to which Tucker claimed was repaired and Allen paid for one-half the expenses; that during his ownership Allen never made any claim against Tucker for the lot in dispute; and that Allen after his purchase declared to Chapman that when he bought he supposed there was a frontage of one hundred and twenty feet between the fences. Dr. Allen testified that he had no notice of the unrecorded deed, that he gave no attention to the

location of fence and paid for one-half of its repair at the request of Tucker without examination and that he bought the property as described in the deed.

We agree with the Circuit Court that the testimony did not tend to show such actual notice of the unrecorded deed or its nature or import as required by statute to take the place of recording. We have hesitated to reach this conclusion because of the apparent hardship to defendant Tucker, but after consideration we see no way to avoid it under the terms of the statute. The case illustrates the danger of negligence in complying with the recording statute.

We do not regard the remaining exceptions as presenting any matter justifying reversal.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY *concurs in the result.*