### McCARTER v. CALDWELL.

Costs—Partition—Title—Equity.—Under facts here upon waiver of jury trial and submission to Judge of all issues of title and partition, the case becomes one in equity before Judge ordering partition, and the order of the succeeding Judge as to costs is final.

Before Gary, J., York, April, 1899. Affirmed.

Action for partition by Fannie, Mary Ann, J. J. W., George D., Rachel E. and S. A. McCarter against J. M. and Lacey Caldwell and Jackson and Sallie McCarter. From Circuit order requiring defendants to pay costs, J. M. and Lacey Caldwell appeal.

*Mr. Wm. B. McCaw,* for appellants, cites: *As to defendants this was an action for recovery of one-half interest in tract of land:* 28 S. C., 530; 29 S. C., 49; 31 S. C., 262; 36 S. C., 559; 54 S. C., 359. *And action terminating in their favor, they are entitled to costs:* 26 S. C., 321. *Costs in legal action follow result:* Code, 323.

*Mr. Jas. F. Hart,* contra, cites: *Plaintiffs prevailed and costs should follow final judgment:* 26 S. C., 325. *In equity costs are in discretion of Chancellor, and rarely disturbed:* 29 S. C., 420.

June 27, 1900. The opinion of the Court was delivered by Mr. Justice Gary. This is an action for partition of a tract of land, arising out of the following facts set forth in the decree of his Honor, Judge Gage, to wit: "There were four brothers and a sister, to wit: Andrew, John, Mary, Samuel and Nelson McCarter, and they died in the order named, the first in 1868 and the last in about 1882. Andrew alone died testate. The plaintiffs are widow and children and devisees of Andrew; the defendants, Sallie and Jackson, are children of Mary; John and Samuel died childless; Nelson had children, but it is admitted any interest which they may have had was bought by Mrs. Lacey Caldwell in 1897 at a judicial sale for the partition of Nelson's lands, at which the clerk undertook to sell 'a parcel of land, situated on the waters of Clark's Fork, * * * containing by estimation twenty-one acres, more or less.' It is admitted Andrew owned an undivided one-half interest in the eighty-four acres, and that the plaintiffs now owned the same. The other undivided half is the thing in dispute. The plaintiffs contend it was in Samuel, and at his death descended, the one-third to children of Andrew, the one-third to children of Mary, the one-third to Lacey Caldwell, as purchaser of the interest of the children of Nelson. Stated differently, the plaintiffs claim they together own an undivided four-sixths of the whole eighty-four acres; Mrs. Caldwell owns an undivided one-sixth of the whole eighty-four acres; Jackson and Sallie own an undivided one-sixth of the whole eighty-four acres. The defendants, Jackson and Sallie, do not answer, nor did they testify, so I am not informed about their position. The Caldwell defendants answer that Nelson owned twenty-one acres on Clark's Fork, acquired by adverse possession, and not as heirs at law of Samuel or anybody else, and that Mrs. Caldwell purchased that land at judicial sale hereinbefore referred to; that Mrs. Caldwell is seized by purchase of all and every interest in the land which Samuel ever owned. They contend for the one-half in dispute. The cause was submitted, and witnesses examined in open Court, without a

reference. * * * Plaintiffs ask for a partition; defendants, Caldwell, ask for a writ of possession for one-half of the whole eighty-four acres. There has never been a partition of the whole tract. The parties have so treated their interest at times, but the title has never been severed. It is,. therefore, ordered and adjudged, that the plaintiffs are seized of an undivided one-half of the whole, which they are to hold under the limitations of the will of Andrew McCarter; that the defendants, J. M. Caldwell and Lacey Caldwell, are seized of the other undivided half therein; that it be referred to the clerk to take testimony upon the question whether a partition in kind betwixt the parties is practicable, or whether the interest of the parties will best be subserved by a sale of the whole and a division of the proceeds upon the coming in of the report, the plaintiffs will be entitled to a writ of partition or for an order of sale. But if the parties. file with the clerk a waiver of the reference, then let the writ in partition issue forthwith."

The following admission is set out in the record: "On the issue of paramount title raised by the amended answers of J. M. and Lacey Caldwell, a jury trial was waived and the entire cause in all its phases was submitted to Judge Gage for trial."

The decree of Judge Gage is silent as to the payment of costs. The case was afterwards heard by his Honor, Judge Gary, on the questions left open by the decree of his Honor, Judge Gage. Judge Gary in his decree says: "Upon the question of confirming the report of the commissioners in partition (the parties having waived the reference), the only issue upon which the parties differed was as to who should pay the costs of the action, the plaintiffs contending that the defendants should pay the costs, and the defendants contending just the reverse—that the plaintiffs were liable for the costs. He adjudged that the defendants were liable for the costs of the action.

The exceptions assign error as follows: "First. For that his Honor, Judge Ernest Gary, erred as matter of law in

reaching the conclusion that the plaintiffs were the prevailing parties in the suit, the plaintiffs having been entirely cast in their claim to an undivided one-third interest in the moiety of the land described in their complaint, formerly owned by Samuel McCarter, which moiety Judge Gage held was the only thing in dispute. Second. Judge Gage in his decree having adjudged that the defendants, J. M. and Lacey Caldwell, are seized in fee of the undivided one-half of the tract of land formerly owned by Samuel McCarter, which he further adjudged was the only thing in dispute, his Honor, Judge Gary, misconceived Judge Gage's decree, and erred as matter of law in not finding: 1. That the defendants, J. M. and Lacey Caldwell, were the prevailing parties in the suit. 2. That the said defendants were at least prevailing parties on the issue of paramount title to the only thing in dispute in the cause. Third. For that his Honor erred in not adjudging that the said defendants were entitled to the costs of the action, as prevailing parties in the suit. Fourth. For that his Honor erred in not, at least, adjudging that the said defendants were entitled to all costs up to the date of the recording of Judge Gage's decree, as the prevailing parties on the issue of paramount title to the only thing in dispute. Fifth. For that his Honor erred in making an order as to costs in advance of a motion to tax costs, and taxation of same being made by the clerk of the Court of Common Pleas for York County."

The only practical question raised by the exceptions is whether there was error on the part of the Circuit Judge in adjudging that the defendants should pay the costs. That was the only contested question presented for his determination. When the Court, in the exercise of its chancery jurisdiction, renders a judgment, it has the discretionary powers to adjudge by whom the costs shall be paid. When, however, it renders judgment in an action at law, the costs follow, by operation of law, the result of the action, and go to the prevailing party. It becomes important, therefore, to determine whether the judgment was rendered by Judge

Gage while exercising jurisdiction in the chancery case, or in an action at law. Prior to the adoption of the Code, if a suit in equity had been brought for partition and an issue was raised as to the title, the Court of Equity had the right either to order an action to be instituted in the Courts of law or to frame an issue as to title, to be decided by that Court and returned to the Court of Equity. *Knox* v. *Campbell,* 52 S. C., 463; *R. R. Co.* v. *Toomer,* 9 Rich. Eq., 276. Under the former practice, if the defendant waived the right to have the issue as to title tried in the law Court, the Chancellor could determine by a decree in equity all the rights of the parties in interest. As hereinbefore stated, a jury trial was waived, and the entire cause, in all its phases, was submitted to Judge Gage for trial. The issue as to title was merely incidental to the action for partition, and a separate judgment could not have been entered on the determination of that issue.

The final judgment had of necessity to be taken on the equity side of the Court. When Judge Gage decided that appellants were the owners of one-half of the land, this did not determine all the rights of the parties, because the one-half interest of the appellants was undivided, and the plaintiffs were entitled to partition of all the lands according to the rights of the respective parties, thus showing the necessity for retaining the appellants as parties to the action until the final judgment of the case. As Judge Gage's decree did not determine who should pay the costs, there was no error on the part of Judge Gary in adjudging this question.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.