## PRUITT v. PRUITT.

1. HUSBAND AND WIFE—ASSIGNMENT LAW.—FINDING OF FACTS by Circuit Judge that mortgage by husband to wife was *bona fide* and not in violation of assignment law affirmed.

2. ASSIGNMENT LAW—DEBTOR AND CREDITOR.—One creditor may be secured by mortgage by insolvent debtor, and such act is not violative of assignment law, if not done with intent to transfer debtor's property to the secured creditor.

3. COSTS—EQUITY.—Judgment that costs occasioned by answer of defendants, served with notice that no personal judgment is sought against them, attacking mortgage foreclosed as in violation of assignment law, should be paid by said defendants, approved.

Before WATTS, J., Abbeville, February, 1900. Affirmed.

Foreclosure by M. E. Pruitt against F. V. Pruitt, J. T. McDill & Co. and James W. Wideman. The Circuit decree is as follows:

"This is an action for the foreclosure of a mortgage of the real estate hereinafter described, executed by the defendant, F. V. Pruitt, to the plaintiff on the 9th day of July, 1894, to

secure his bond of even date therewith for $2,624, payable January 1st, 1895, with interest from date, payable annually, until paid in full, at eight per cent. per annum. The other defendants are junior creditors of the said F. V. Pruitt. The plaintiff indorsed a notice on the summons, directed to the said judgment creditors, that no personal demand was made against them, and that if they answered, it must be at their own cost. Notwithstanding said notice, they filed an answer, in which they alleged that the said mortgage was executed for the purpose of evading the provisions of the assignment act, and was, therefore, void. They also denied that there was a valuable consideration for the mortgage debt. The defendant, F. V. Pruitt, did not answer. At September term, 1899, of the Court, Judge Gary made an order directing the master to take the testimony and report it to the Court. The master performed that duty, and the case came before me for hearing on the testimony so reported and the pleadings. After hearing the argument for counsel and upon a careful consideration of the testimony, I find as matters of fact: 1. That the mortgage sued on was executed by the defendant, F. V. Pruitt, to secure a debt due by him to the plaintiff for money borrowed by him from her, the same having been received by her from the estates of her father and mother. 2. That the said defendant in making said mortgage intended merely to give plaintiff security for a just debt. 3. That the said mortgage was not given as a means of transferring the property of the said F. V. Pruitt to the plaintiff or with the intent to evade the provisions of the assignment act. 4. That there is now due and unpaid on the said mortgage debt the sum of $3,971.

"As conclusions of law I find: 1. That the said mortgage is *bona fide,* and is a prior and preferred lien to the judgments of the defendants, J. T. McDill & Co. and James W. Wideman. 2. That the plaintiff is entitled to a judgment of foreclosure for the full amount of her debt as found above. 3. That the said J. T. McDill & Co. and James W.

Wideman should pay so much of the costs of the case as was incurred by reason of their filing an answer to the complaint, to wit: the costs of the master and the *per diem* and mileage of the plaintiff's witnesses.    4. That the said judgment creditors are entitled to have the homestead of the defendant, F. V. Pruitt, first sold, and the proceeds of sale applied to plaintiff's mortgage debt.    On motion of Ellis G. Graydon, plaintiff's attorney, it is, therefore, ordered, adjudged ·and decreed * * *."

From this judgment, defendants, J. T. McDill & Co. and James W. Wideman, appeal.

*Messrs. DeBruhl & Lyon* and *Parker & Green,* for appellants.    *Mr. M. P. DeBruhl* cites: *As to the invalidity of the mortgage:* 18 S. E. R., 145; 20 S. E. R., 405; Rev. Stat., 2146; 64 Md., 296; 52 S. C., 132; 30 S. E. R., 602; 49 Fed. R., 506.    *As to costs against appellant:* Code, 152; 7 S. C., 207.

*Mr. Ellis G. Graydon,* contra, cites: *Mortgage not an assignment:* 27 S. C., 285; 44 S. C., 194; 18 S. C., 425; 15 S. C., 58.    *Costs are within discretion of Chancellor:* 22 S. C., 265; 24 S. C., 264.

March 18, 1901.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    The plaintiff alleges that the defendant, F. V. Pruitt, being indebted to her in the sum of $2,040, · on the 9th day of July, 1894, executed to her on that day his bond for that sum, with eight per cent. interest per annum until paid, payable on the 1st day of January, 1895, and on the date of said bond executed a mortgage of his dwelling house and two other parcels of land to secure the payment of said bond, and the said mortgage was duly recorded in the office of register of mesne conveyance for Abbeville County, in which county the lands mortgaged were located.    That the defendants, McDill & Co. and J. W. Wideman, are made

parties defendants to this suit because they have, or claim to have, some interest in the mortgaged premises accruing since the date of said mortgage. Notice was served with the complaint that the plaintiff did not seek any personal liability against said McDill & Co. and the said James W. Wideman. The defandant, F. V. Pruitt, made no answer, but the other defendants answered denying that said mortgage was a valid subsisting lien upon the lands of the defendant, F. V. Pruitt, upon the grounds: *First.* That the · defendant, F. V. Pruitt, was at the date of said mortgage insolvent, and the mortgage of plaintiff was without consideration, null and void, and that the same was given to hinder, delay and defraud these defendants and other creditors of the said F. V. Pruitt, contrary to sec. 1888 of the Revised Statutes of South Carolina; that the defendants, McDill & Co., are the holders and owners of a judgment for $453.28 and $9.45 costs, dated 4th October, 1898, and that the debt upon which said judgment is bottomed was for goods sold by said firm to said F. V. Pruitt before he gave the plaintiff the mortgage attempted to be set up by her, and that the defendant, James W. Wideman, is the holder of a judgment for $59 and for $10.70 for costs, which on the 4th May, 1898, was duly transcripted to the office of the clerk of the Court for Abbeville, which is a lien on the lands embraced in the alleged mortgage attempted to be set up by plaintiff. *Second.* That F. V. Pruitt has set up a claim to homestead in the lands set out in the plaintiff's alleged mortgage. *Third.* That the alleged mortgage of plaintiff was executed by the defendant, F. V. Pruitt, to sustain a past due debt from F. V. Pruitt to the plaintiff, his wife, and was tantamount to an assignment of all and every part of the property of the defendant, F. V. Pruitt, and is, therefore, void under sec. 2146 of the Revised Statutes of this State, and that the said F. V. Pruitt was at the time he gave the mortgage to his wife, the plaintiff, utterly insolvent.

The master took the testimony offered on each side to the contention here and reported the same to the Court. The

cause was then heard by his Honor, Judge Watts, who decreed in favor of the plaintiff. This decree will be reported as a part of the cause. Thereupon the defendants, McDill & Co. and James Wideman, appealed therefrom on the following grounds:

"1. Because his Honor, the presiding Judge, erred in finding as a matter of fact that the mortgage sued on was executed by the defendant, F. V. Pruitt, to secure a debt due by him to the plaintiff for money borrowed by him from her, the same having been received by her from the estates of her father and mother.

"2. Because his Honor, the presiding Judge, erred in finding as a matter of fact that the said defendant in making said mortgage intended merely to give plaintiff security for a just debt.

"3. Because his Honor erred in finding as a matter of fact that the said mortgage was not given or accepted as a means of transferring the property of the said F. V. Pruitt to the plaintiff, or with the intent to evade the assignment act.

"4. Because his Honor should have found that the said mortgage was given and accepted as a means of transferring the property of the defendant, F. V. Pruitt, to the plaintiff, his wife, and was made with the intent to give the plaintiff a preference over the other creditors of the said F. V. Pruitt, and to evade the provisions of the assignment act.

"5. Because his Honor should have held that the said note and mortgage were without consideration, and were made with the intent to hinder, delay and defraud the creditors of the said F. V. Pruitt.

"6. Because his Honor erred in finding as a matter of fact that there is now due and unpaid on said mortgage debt the sum of $3,971.

"7. Because his Honor erred in holding as a matter of law that the said mortgage is *bona fide,* and is a prior and preferred lien to the judgments of the defendants, J. T. McDill & Co. and James W. Wideman; whereas, he should have held that the note and mortgage were made to hinder,

33—59

delay and defraud the creditors of F. V. Pruitt, and is void.

"8. Because his Honor erred in holding as a matter of law that the plaintiff is entitled to a judgment of foreclosure for the full amount of her debt as found above.

"9. Because his Honor erred in holding as a matter of law that the said J. T. McDill & Co. and James W. Wideman should pay so much of the costs of the case as was incurred by reason of their filing an answer to the said complaint, to wit: the costs of the master and the per diem and mileage of the plaintiff's witnesses.

"10. Because the defendants, J. T. McDill & Co. and J. W. Wideman, having prevailed in one of the defenses set up in the answer, the Circuit Judge should have held they are not properly chargeable with costs."

We will now consider the grounds of appeal. We will group the first three exceptions, relating as they do to the matter of fact relating to the indebtedness of defendant to the plaintiff. No one can rise from the consideration of the testimony without concluding that the plaintiff did receive from the estates of her father and mother money ranging from eighteen hundred to nineteen hundred dollars. The parties to such settlements testify circumstantially to these settlements. The facts are not disputed. Equally as direct is the testimony to the fact that this money was placed in the hands of the defendant husband by the plaintiff wife. It was the wife's money; the husband had not legal claim to such money unless he obtained its use as a loan. The settlement between the husband and wife was made by a reputable attorney. This being a question of fact, we are satisfied with the findings of the Circuit Judge, and hence the first three exceptions are overruled.

We will next consider the fourth and fifth exceptions together. It is unquestionably true that a person may be indebted to another person, and yet not violate the law in the intent with which a security is given to such creditor. The rule is well stated by Chief Justice McIver, in

2      the case of *Porter* v. *Stricker*, 44 S. C., 183, where
he reviewed the decisions of this Court bearing upon
the subject of preferences by a debtor to his creditor, and he
thus states the rule: "From this view of the cases upon the
subject in this State, the following propositions applicable
to the case under consideration are clearly ducible: 1st. That
an insolvent debtor may by a *bona fide* mortgage, which is
intended merely as a security for a just debt, prefer one of
his creditors. 2d. That if the mortgage is really designed
to operate not as a security merely, but as a means of trans-
ferring the debtor's property to the favored creditor in pref-
erence of the other creditors, then it is void under the assign-
ment law. 3d. That the question as to what was the inten-
tion is a question of fact." Judge Watts found as a fact
that there was no intention on the part of the parties to the
mortgage in question here, which was in violation of the
assignment law. We have made a diligent review of the
testimony here and find nothing that would warrant us in
disturbing the conclusion of the Circuit Judge. These ex-
ceptions are overruled.

We will next consider the fifth and seventh exceptions,
relating to the mortgage to plaintiff operating to hinder,
delay and defraud the creditors of F. V. Pruitt. After a
careful examination of the testimony here adduced, we are
obliged to say that we find nothing to sustain this charge,
and the exceptions are overruled.

The sixth exception cannot be sustained, for it follows of
necessity if the parties did not intend to violate the assign-
ment law of this State, and did nothing to hinder, delay or
defraud creditors, why, of course, the principal debt bore
interest from its date at the rate of eight per cent., and it is
not suggested that the arithmetical calculation of interest is
incorrect. This exception is overruled.

The eighth exception must be overruled for the reasons
just given. The ninth exception must be overruled. This
is a chancery case, where the Circuit Judge is empowered to
fix costs as to his conscience as a chancellor seems

meet.    Besides, the plaintiff served notice with her summons upon the defendants, that she did not seek any personal judgment against them.    And the eleventh exception, for a like reason, is overruled.

The judgment below must be affirmed.    It is the judgment of this Court, that the judgment of the Circuit Court is affirmed.