## WILLIAMS v. JONES.

1. PURCHASER FOR VALUE WITHOUT NOTICE.—Finding that purchaser of land after record of mortgage from vendor who purchased after execution of mortgage, but before its record without notice of mortgage at execution sale, based on debt contracted before mortgage was executed, is a purchaser without notice of the mortgage affirmed. The facts that one claiming title to land through purchase at sheriff's sale, who after paying purchase price, requested title to be made to another whom he held out as owner and himself as his agent, and telling purchaser he had no interest; consideration paid at sheriff's sale being small, will not put purchaser on inquiry of equitable title.

2. A VERDICT in favor of two of several plaintiffs suing for possession of one-half of tract of land is not a finding that title to the other half is in the defendant.

3. PRIVY.—Purchaser of a purchaser of interest of one co-tenant, the first purchase being made during pendency of suit of all co-tenants for possession against a party in possession, is not a privy to any party to such suit.

4. COSTS.—Action of Circuit Judge in holding that one defendant should pay costs of partition suit occasioned by investigation of issues raised by her answer, by deducting from her share, affirmed.

Before KLUGH, J., Williamsburg, July, 1905. Affirmed.

Action by A. H. Williams, assignee in bankruptcy of A. H. Brown, against Ella F. Jones, Evelyn M. Brown and B. Wallace Jones.

The Circuit decree, excepting the formal part, is:

"William Brown died about the year 1850, leaving a last will, which was duly admitted to probate, by which he devised the tract of land described in the complaint to his son, William J. Brown, for his life, with remainder to the children of said W. J. Brown; the said W. J. Brown took possession of said land and held it until 1859, when he conveyed it by deed in fee simple to one S. O. McCown, who went into possession under said deed. William J. Brown died about the year 1882, leaving his children, W. C. Brown, S. A. Brown, Holly L. Brown, Leila A. Brown and J. Headley

Brown.   McCown continued in possession of said land until
the year 1886, when his interest in it was sold under execu-
tion in the case of *McCants* v. *McCown,* and purchased by B.
Wallace Jones, who took possession under sheriff's deed.
It is obvious that Jones took no title under this deed, the
interest of McCown, which was merely the life estate of W.
J. Brown, having terminated upon the death of said Brown.
W. C. Brown, one of the children of William J. Brown, and
a remainderman under the will of William Brown, went
abroad about the year 1882, and some time thereafter was re-
ported to be dead, and nothing to the contrary has been heard
of him since.   It does not appear that he was ever married
or that he left a will, and it is considered that his interest in
said tract of land descended to his three brothers and sisters
above named.   In 1884, Mrs. Leila A. (Brown) Bates con-
veyed her interest in said land to Holly L. Brown, who there-
after was the owner of one undivided half of said tract, and
his brothers, Samuel A. Brown and J. Headley Brown, were
the owners each of one undivided fourth part thereof.   On
January 5, 1887, Holly L. Brown mortgaged his one-fifth
interest in said land to E. H. Williams, but the mortgage was
not recorded until November 4, 1891; the said mortgage was
assigned to B. Pressly Barron in 1892, and was by him
assigned without recourse to Ella F. Jones, on February 24,
1897, and she now holds the same.   In 1889, on an indebted-
ness contracted in 1885, J. A. Kelly recovered a judgment
against Holly L. Brown and on November 4, 1889, under an
execution issued upon said judgment, the interest of Holly
L. Brown in said land was sold and conveyed by sheriff's
deed to M. A. Thomas, and on November 15, 1899, M. A.
Thomas conveyed the said interest in the said land to A. A.
Brown, the plaintiff herein.   On January 5, 1887, S. A.
Brown mortgaged his one-fifth interest in said land to E. H.
Williams and the mortgage having been foreclosed, the said
interest in said land was sold and conveyed in 1903 to Mrs.
Ella F. Jones.   On January 19, 1887, suit was commenced
in the name of W. C. Brown, Holly L. Brown, Samuel A.

Brown, and J. Headley Brown, against B. Wallace Jones, to recover possession of said land, which he held under the purchase of the interest of McCown aforesaid. The record shows that said suit was pressed with vigor by the plaintiffs therein until the year 1891, when, on October 31 of that year, it was tried by a jury and resulted in a verdict in these words: 'We find for the plaintiffs, Samuel A. Brown and J. Headley Brown, the one undivided one-half of the land in dispute. No damages.' So far as appears this was the end of that action. Holly L. Brown died in 1892, leaving a wife and one child, the defendant herein, Evelyn M. Brown. At the time of his death he owned no interest in the land in question, his interest having been sold, as we have seen, under the Kelley judgment, and conveyed to M. A. Thomas. J. Headley Brown died in 1896, owning one-fourth interest in said land. He died intestate. He left no wife or child and was predeceased by his sister, Mrs. Bates, who left no child. His only heirs were his brother, S. A. Brown, and Evelyn M. Brown, the child of his predeceased brother, Holly L. Brown. On December 17, 1897, S. A. Brown conveyed his interest in said land to A. A. Brown, the plaintiff. His interest at that time consisted of his original one-fifth interest in the land, together wth the interest inherited from his brother, W. C. Brown, being one-twentieth, and the interest inherited from his brother, J. Headley Brown, being one-eighth, and amounted to fifteen-fortieths of the whole. This conveyance was, of course, subject to the mortgage of his one-fifth interest, which, as we have seen, subsequently passed by foreclosure sale to Mrs. Ella F. Jones in 1903, so that the interest which A. A. Brown now holds by the said conveyance from S. A. Brown is seven-fortieths of the whole tract.

"This suit is brought for partition, the plaintiff claiming to be the owner in fee of twenty-seven-fortieths of the tract of land, to wit: the seven-fortieths just mentioned and the one-half interest formerly owned by Holly L. Brown, and conveyed to the plaintiff by M. A. Thomas as aforesaid; and

alleging that Mrs. Ella F. Jones owns one-fifth and Evelyn M. Brown one-eighth. And it is also admitted that the plaintiff is entitled to a seven-fortieths and Ella F. Jones to one-fifth interest, but the defendant, Ella F. Jones, claims the right to have the mortgage held by her of the original one-fifth interest of Holly L. Brown foreclosed; and B. Wallace Jones, having been made a party defendant, claims a one-half interest in the land. The fact in reference to Mrs. Jones' claim under her mortgage, briefly rehearsed, are these: Holly L. Brown executed the said mortgage to E. H. Williams on January 5, 1887, but it was not recorded until November 4, 1891. It was assigned to B. Pressly Barron on June 16, 1892, and by him without recourse to Ella F. Jones, on February 24, 1897. On May 14, 1889, John A. Kelly recovered a judgment against Holly L. Brown on a debt contracted in 1885, and under an execution issued on said judgment the interest of Holly L. Brown in the land in question was sold by the sheriff on November 4, 1889, and bought by M. A. Thomas, and titles were executed to him on the same day, though the deed was not recorded until November 9, 1891. The consideration paid by Thomas was fifty dollars. Thomas held the land until November 15, 1899, when he conveyed it with general warranty to A. A. Brown, for one hundred and ten dollars, and the deed was recorded the same day. The question presented is whether or not the mortgage now held by Ella F. Jones can prevail against the title held by A. A. Brown. It involves the construction of the recording act of 1876, now embodied in section 2456 of the Civil Code. It will be observed that the question is not merely one of priority between the Kelley judgment and the Williams mortgage. If that were all, the mortgage would take priority under the case of *Carraway v. Carraway,* 27 S. C., 576. Thomas, upon his purchase at sheriff's sale, did not succeed merely to the rights of the judgment creditor, but was to all intents and purposes a purchaser from Holly L. Brown, through the sheriff as his agent. It is not claimed that he had actual notice of the

Williams mortgage, and there could not then be any con-
structive notice, for the mortgage was not recorded until two
years later. He comes clearly within the terms of the act
which affords protection to subsequent purchasers for valu-
able consideration without notice. This doctrine has been
recognized in many of our cases, and was expressly decided
in *Miles* v. *King,* 5 S. C., 146; see *Leger* v. *Doyle,* II. Rich.,
109; *McKnight* v. *Gordon,* 13 Rich. Eq., 222; *Herring* v.
*Cannon,* 21 S. C., 212; *Carraway* v. *Carraway,* 27 S. C.,
576; *King* v. *Fraser,* 23 S. C., 543; *Summers* v. *Brice,* 36
S. C., 204; *Turpin* v. *Sudduth,* 53 S. C., 295; *Armstrong*
v. *Carwile,* 56 S. C., 463; and although the mortgage was
recorded before the conveyance of the land to A. A. Brown,
still the immunity of Thomas' title accompanies it when
transferred to Brown, 23 Ency. (2 ed.), 477.

"I conclude that Ella F. Jones has no right to the fore-
closure of her mortgage in this case. The claim of B. Wal-
lace Jones is based upon two grounds. First, he claims that
the purchase made by M. A. Thomas of the interest of Holly
L. Brown, under the Kelley judgment, he paid the purchase
money and thereupon a trust resulted in his favor, and that
the conveyance by Thomas to A. A. Brown was with notice
to the latter of the trust. The referee has made a very full
and clear report of the facts with reference to this claim, and
his findings are satisfactory to the Court. There can be no
doubt that a trust resulted in favor of Jones, upon the con-
veyance by Sheriff Brockinton to Thomas, but the testimony
fully supports the conclusions of the referee that A. A.
Brown had no notice of said trust nor knowledge of facts
which should have put him on inquiry at the time when he
took the conveyance from Thomas. On the contrary, the
conduct of B. Wallace Jones, in his dealings with refer-
ence to the land in question, and especially in his transactions
with A. A. Brown in relation thereto, was such as would
lead any man with ordinary discernment to the belief that
Thomas was the true owner, as the record showed him to be,
and Jones but his agent, as the latter represented himself to

be, so that I have no hesitation in finding and holding that A. A. Brown purchased the land from Thomas, free from any equity in favor of B. Wallace Jones. The second ground to which Jones bases his claim to one-half of the land is that the result of the suit by W. C. Brown and others against himself to recover possession of the land, wherein a verdict for one-half the land was rendered in favor of S. A. Brown and J. Headley Brown, was an adjudication that the title to the remaining one-half of said land was in himself. The facts of that case must be borne in mind. B. Wallace Jones was in possession of the land by virtue of his purchase at sheriff's sale under execution against McCown, of the defunct life estate of William J. Brown; the estate in remainder, after the presumed death of W. C. Brown, and the conveyance of her interest by Mrs. Bates to Holly L. Brown had become vested in Holly L., Samuel A. and J. Headley Brown, in the proportion of one undivided half in the first named and one undivided fourth in each of the two last named. Such was the state of the title when in January, 1887, the suit was brought to recover the land. The record of that case seems to have been lost and was only accidentally discovered while the present suit was pending before the referee, and is in evidence. It is very incomplete, containing neither the answer of the defendants nor the judgment, and it is only by presumption that we arrive at the conclusion that any judgment was ever rendered. The answer of the defendant not being before the Court, it is impossible to know whether any special defense was offered by the defendant, though from the facts as they have come down to us there was no apparent ground for any such defense; and it is matter of conjecture or rather of presumption that only the general issue was pleaded. Pending this suit the interest of Holly L. Brown was sold under the Kelley judgment and was conveyed by sheriff's deed to M. A. Thomas, whereupon resulted the trust in favor of B. Wallace Jones. Then followed the trial of that suit and the verdict of the jury in favor of Samuel A. and J. Headley

Brown, for one undivided half of said land, the verdict being silent as to the other half. This, Jones claims, was an adjudication that the title to one-half of said land was in himself, and that such adjudication was binding on the plaintiff, A. A. Brown. In the first place, it does not follow that the jury meant by the form of their verdict to find, or that they did find, any part of said land for the defendant in that suit, The verdict is conclusive that no part of said land was, at the time it was rendered, in Holly L. Brown, but that may just as well have been because the title to the one-half claimed by him was outstanding in some third person as for any other reason, and it is competent to look into the facts of that case to ascertain the grounds of the jury's finding. *Henderson* v. *Kenner,* I. Rich., 474; *Jones* v. *Muldrow,* Chev., 254; *Barker* v. *Leggett,* 12 Rich., 198; and looking to the facts as above set forth and to those set forth in the defendant B. Wallace Jones' answer in the present case, it is manifest that the finding of the jury against Holly L. Brown's title at the same time that they found in favor of the title of two of his co-plaintiffs whose source of title was precisely the same as his, was based upon the fact that his title had been divested by the then recent sale of his interest by the sheriff to M. A. Thomas. This view is borne out by the fact that after that verdict was rendered B. Wallace Jones held the land avowedly not in his own right, but as agent for Thomas, and it is borne out further by the fact in his answer in the present case, while willing to avail himself of any construction favorable to himself which might be placed upon said verdict, he sets up no claim of title in himself to any part of said land as against the plaintiffs in that suit at the time of said suit, but, on the contrary, he sets out fully the sheriff's sale of Holly L. Brown's interest and the purchase of the same by M. A. Thomas, as the basis of a trust resulting in his favor, thereby admitting that as an actual fact the title to Holly L. Brown's interets was not in him (Jones) at the time the said verdict was rendered, and that the jury did not so find. But even if the result of the

case of W. C. Brown and others against B. Wallace Jones could be held to be an adjudication in favor of the defendant as to one-half interest in the land such adjudication would be no estoppel to the plaintiffs here. A. A. Brown was not a party to that suit. Neither is he in privity to anyone who was such a party. He is the purchaser by mesne conveyance of the interest of Holly L. Brown, which was sold at sheriff's sale before the verdict and judgment (if there ever was a judgment) were rendered, and as such is not bound by any recovery or supposed recovery had in that action. *Simson* ads. *Kennedy,* Harp., 370. The plaintiff is, therefore, not precluded from now raising any and all questions as to the validity of the claim of B. Wallace Jones, and, as we have seen, the evidence is clear that he never had any title to any part of said land nor any interest therein save the equitable interest under the purchase by M. A. Thomas, which, as we have also seen, was lost to him by the conveyance from Thomas to the plaintiff without notice. It ought to be remarked in passing that said conveyance by Thomas was not the breach of good faith on his part which the mere mention would imply, but was made by him in good faith upon the belief that he had the right to do so, and after due notice and warning to Jones that he would sell the land for the satisfaction of a debt which Jones owed him and which it may seem he could collect in no other way. I conclude that the contentions of plaintiff are fully established and that the land is subject to partition as alleged in the complaint in the proportion of twenty-seven-fortieths to the plaintiff, eight-fortieths to Ella F. Jones and five-fortieths to Evelyn M. Brown. The referee reports that it will be to the best interest of the parties to sell the land and divide the proceeds rather than to attempt a partition in kind, and I concur with him. The defendant Ella F. Jones, in her answer, seeks to charge the plaintiff with rents and profits. It appears that the plaintiff was in possession of the land for four years and received the rents during that time; but it also appears that he expended far more than the amount of

rents that he received in making permanent improvements, and these improvements have materially increased the value of the land. I am of the opinion that the enhanced value of the land is a fair equivalent for the defendant's share of any rents, and it is so ordered. The question of costs remains to be considered, and as to this I am of the opinion that the cost of so much of the litigation as was brought about by the contentions set up in the answer of Ella F. Jones, as to her mortgage and as to the claim of B. Wallace Jones, ought to be borne at least in the first instance by Ella F. Jones, and it is therefore ordered, that the clerk of this Court in taxing the cost of the suit do ascertain the amount of such cost as accrued from the first reference down to the filing of the referee's report, and that said amount be deducted from the share of Ella F. Jones in the proceeds of the sale of the lands now to be ordered."

From this decree, defendants Ella F. Jones and B. Wallace Jones appeal.

*Messrs. Willcox & Willcox,* for appellants, cite: *Requisite pleas and proof to sustain claim of purchaser without notice:* 7 Rich. Eq., 509; 5 S. C., 96, 102; 3 Strob. Eq., 134. *What notice puts on inquiry:* 11 Fed. R., 329; 40 S. C., 134; 29 S. C., 147. *Effect of verdict for two of several plaintiffs:* 73 Tex., 12; 1 Ind. Ap., 587; 28 Ency., 432; 12 Rich., 198; 1 Green. Ev., 16 ed., secs. 522, 523, 528; 55 S. C., 507.

*Messrs. Robt. J. Kirk* and *W. L. Bass,* contra, cite: *Brown purchases free of mortgage lien:* 5 S. C., 146; 13 Rich. Eq., 222; 27 S. C., 576; 56 S. C., 463. *No information to put Brown on inquiry of Jones' rights:* 23 Ency., 2 ed., 496. *Verdict in favor of two of several plaintiffs is not finding for defendant:* Green. Ev., 16 ed., secs. 528-530; 1 Rich., 474; Chev., 254; 12 Rich., 198; 9 Rich., 387; Bail. Eq., 293. *As to privity in ownership:* 118 N. Y., 162; Harp., 370; 1 Mills, 326. *Costs in equity are within discretion of Judge:* 55 S. C., 510; 58 S. C., 65; 59 S. C., 509.

April 19, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action was commenced on the 13th of October, 1903, by A. A. Brown, plaintiff, against Ella F. Jones and Evelyn M. Brown, defendants. The plaintiff went into bankruptcy, and A. H. Williams, as his assignee in bankruptcy, was substituted as plaintiff, and at the instance of Ella F. Jones, B. Wallace Jones was made a defendant. The object of the action was the partition of 400 acres of land amongst the plaintiff A. A. Brown and the defendants, according to their respective rights therein. The following are the pleadings:

### THE COMPLAINT.

"I. That the plaintiff and the defendants are seized and possessed in fee as tenants in common of the following described premises, to wit: All that certain piece, parcel or tract of land situate, lying and being in the county of Williamsburg, State of South Carolina, containing 420 acres, more or less, and bounded as follows: * * *

"II. That the plaintiff is entitled to an estate of twenty-seven undivided fortieth parts (27-40) in the fee of said premises.

"III. That the defendant Ella F. Jones is entitled to an estate of five undivided fortieth parts (8-40) in the fee of said premises.

"IV. That the defendant Evelyn M. Brown is entitled to an estate of five undivided fortieth parts (5-40) in the fee of said premises; and the said Evelyn M. Brown is an infant over the age of fourteen years, to wit: fifteen years of age.

"V. That the plaintiff is desirous of having said premises partitioned and divided according to the respective interests of the parties hereto; and that the plaintiff and defendants own no other lands in this State as tenants in common.

"VI. That a reasonable and proper fee should be allowed to the plaintiff's attorney.

"Wherefore, plaintiff demands judgment for a partition and division of said premises according to the respective

rights of the plaintiff and defendants; or if a division can not be had without material injury to said rights, then for a sale of said premises and a division of the proceeds according to said rights. For a reasonable fee to plaintiff's attorney, and for such other and further relief as to the Court may seem just and proper."

The following are the answers of the defendants:

Answer of Ella F. Jones.

"I. That as to the allegations contained in paragraph I. of said complaint, she admits that she is interested as a tenant in common in the parcel of land described therein, but she has no knowledge sufficient to form a belief as to the interests of the plaintiff A. A. Brown, or the defendant Evelyn M. Brown, and, therefore, denies such of the allegations of said paragraph I. as allege that said A. A. Brown and Evelyn M. Brown are seized in fee of any interest therein.

"II. That as to the allegations of paragraph II. of said complaint, this defendant denies same.

"III. That as to the allegations of paragraph III. of said complaint, this defendant admits that she is entitled to an estate in the property described in the complaint, but alleges that her interest is far in excess of eight-fortieths (8-40) thereof.

"IV. That as to the allegations of paragraph IV. and V. of said complaint, this defendant has no knowledge or information sufficient to form a belief as to the truth thereof.

"V. That as to the allegations of paragraph VI. of said complaint, this defendant denies same.

"VI. That the plaintiff A. A. Brown has for the past four years been in exclusive possession of the land described in the complaint, collecting and appropriating to his own use the rents and profits thereof.

"Further answering, and by way of affirmative defense, the defendant Ella F. Jones alleges:

"I. That heretofore one H. L. Brown executed and de-

livered his certain promissory note, in writing, bearing the date of 5th day of January, 1887, and thereby promised to pay, sixty days after date, to the order of E. H. Williams, $250, for value received.

"II. That in order to secure the payment of said note, the said H. L. Brown, on or about the 5th day of January, 1887, executed and delivered to said E. H. Williams his certain deed, and thereby conveyed, by way of mortgage, to said E. H. Williams the following described real property, to wit: all of his right, title and interest in and to one undivided fifth part of all that certain piece, parcel or tract of land lying, being and situate in the county of Williamsburg, State of South Carolina, containing 420 acres, more or less, bounded as follows: * * *

"III. That the tract of land described in the complaint is the same tract described in the mortgage above mentioned.

"IV. That on or about the fourth day of November, 1891, said mortgage was delivered to the register of mesne conveyances for Williamsburg County, to be by him entered on record and was recorded in book 'X,' at page 318.

"V. That thereafter, to wit: on or about the 16th day of June, 1892, said E. H. Williams, for value, assigned and transferred the note and mortgage above described to B. Pressley Barron.

"VI. That thereafter, to wit: on or about the 24th day of February, 1897, said B. Pressley Barron, for value, transferred, set over and assigned said note and mortgage to Ella F. Jones, the defendant herein, who is now the owner and holder thereof.

"VII. That the condition of said note and mortgage has been broken, and there is now due and remaining unpaid thereon the sum of $250, with interest from the 5th of March, 1887, at seven per cent. per annum.

"For a further defense, this defendant alleges, on information and belief:

"That one B. Wallace Jones is owner of and entitled to an interest in the property described in the complaint, and

that a complete determination of the issues between the plaintiff and the defendant Ella F. Jones cannot be had, nor can a complete partition be made without bringing in as a party to this proceeding, the said B. Wallace Jones.

"Wherefore, this defendant prays:

"I. That said B. Wallace Jones may be brought in as a party to this proceeding.

"II. That the mortgage above set forth may be foreclosed, the interest of H. L. Brown in the property described in the complaint sold, and the proceeds of the sale thereof applied to the payment of the note of said H. L. Brown.

"III. That a partition of the premises described in the complaint may be had, according to the respective rights of the parties in interest.

"IV. And for such other and further relief as may be just."

Answer of B. Wallace Jones, having been first made a party by order of this Court:

"For a first cause of defense:

"He denies each and every allegation in said complaint contained.

"For a second cause of defense:

"I. That he is entitled to an undivided interest in the lands described in paragraph I. of the complaint, or a portion thereof.

"II. That he denies the allegation of paragraph II. of said complaint.

"III. That he is informed and believes that the defendant Ella F. Jones is entitled to an interest in the land described in the complaint, but that said interest is not properly stated in paragraph III. thereof.

"IV. That he has no knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph IV. of said complaint.

"V. That he admits the allegations contained in paragraph V. of said complaint.

"VI. That he denies the allegations contained in paragraph VI. of said complaint.

"VII. That the plaintiff A. A. Brown has heretofore been in exclusive possession of a considerable portion of the land described in the complaint, collecting and appropriating to his own use the rents and profits thereof.

"Further answering the complaint herein, and by way of affirmative defense, this defendant alleges:

"I. That heretofore, to wit: on or about the 14th day of May, 1889, one John A. Kelley recovered in the Court of Common Pleas for the county of Williamsburg a judgment against one H. L. Brown, and an execution was duly issued pursuant thereto.

"II. That pursuant to that execution the sheriff of Williamsburg County levied upon the interest of said H. L. Brown in the tract of land described in the complaint in this action and duly advertised and sold same at public auction according to law, at Kingstree, on or about the 4th day of November, 1889.

"III. That at said sale the interest of the said H. L. Brown in said land was sold, and one M. A. Thomas became the purchaser thereof, and took title thereto, which title is recorded in the office of the clerk of court of Williamsburg County, in volume U, page 239.

"IV. That though the title above mentioned was taken in the name of M. A. Thomas, the beneficial interest in the property therein conveyed was taken and accepted by said M. A. Thomas in trust for this defendant, and said M. A. Thomas continued to hold the interest so acquired by him for the benefit of this defendant.

"V. That thereafter the said M. A. Thomas undertook to sell and convey the interest acquired by him, as above stated, to the plaintiff, A. A. Brown, as will appear by deed recorded in the office of the clerk of Williamsburg County, in book X, at page 432.

"VI. That at the time of the conveyance by said M. A. Thomas to said A. A. Brown, said A. A. Brown was fully

advised and notified of the rights of this defendant in the lands thereby conveyed, and said A. A. Brown took title thereto, subject to all of the rights of this defendant therein.

"VII. That by reason of the conveyance to M. A. Thomas above described, and of the agreement of said M. A. Thomas to hold title to the property referred to, for the benefit of this defendant, of which agreement the plaintiff had full notice, this defendant is advised that he is entitled to all of the interest in the tract of land described in the complaint which was heretofore owned by said H. L. Brown.

"VIII. That this defendant is informed and believes that said M. A. Thomas undertook to sell and convey the interest acquired by him in the land described in the complaint on account of a claim which he held against this defendant, and this defendant is now willing and ready to settle any valid claim which the said M. A. Thomas has, or heretofore had, against him.

"Wherefore, this defendant prays that the property described in the complaint may be partitioned among the parties in interest, according to their respective rights; that the deed of M. A. Thomas to A. A. Brown may be set aside and declared null and void, and that the defendant may be adjudged the owner of such interest in said lands as were conveyed to said M. A. Thomas by the sheriff of Williamsburg County, as above stated, and for such other and further relief as may be just."

By consent order all the issues of fact were referred to L. W. Gilland, Esq., who made his reports, together with the testimony taken before him by the several parties in interest.

The following facts were agreed to by the attorneys of the respective parties and were embodied as agreed facts in the report by the said special referee Gilland.

"I. That the land described in the complaint comes from William Brown as a common source, and that this land was devised by the will of the said William Brown to W. J.

Brown, on terms stated in said will (will book 'D' of probate court of Williamsburg County, containing the record of the will of William Brown, Sr., in evidence as 'exhibit A').

"II. That W. J. Brown undertook to sell or convey the land involved in this suit to S. O. McCown by deed dated January 8th, 1859, and recorded October 16, 1890, in book 'V,' page 10, and that the said S. O. McCown went into possession under this deed and remained in possession until December 6, 1886, when the interest of S. O. McCown in said property was sold to B. Wallace Jones. That W. J. Brown died in the meantime in 1882. (No question made as to the regularity of the sale and execution.)

"III. That Leila A. Bates, a daughter of W. J. Brown, conveyed her interest in the property in question to Holly L. Brown, her brother, by deed dated 1884, in evidence as exhibit 'I.'

"IV. That Holly L. Brown mortgaged his undivided one-fifth interest in this property to E. H. Williams, to secure $250, by his note and mortgage bearing date January 5, 1887, recorded November 4, 1891, in book 'X,' page 318, and in evidence as exhibit 'O.'

"V. That S. A. Brown mortgaged his undivided one-fifth interest in this property to E. H. Williams to secure a similar amount, the said mortgage bearing the same date and recorded on the same date as the mortgage from Holly L. Brown to E. H. Williams.

"VI. That J. A. Kelley recovered a judgment against Holly L. Brown on July 31, 1889, on a note dated November 3, 1885, to secure which note Holly L. Brown executed a mortgage to J. A. Kelley, dated same date, and said mortgage was foreclosed and sold under power of sale in said mortgage. The proceeds of said sale were not sufficient to pay the note.

"VII. That under the execution issued pursuant to the J. A. Kelley judgment, the interest of Holly L. Brown was sold on November 4, 1889, and conveyed to M. A. Thomas, by sheriff's deed, in evidence as exhibit 'K,' and recorded

18—74

in book 'U,' page 239, and that at the time of the sale and previous thereto, W. C. Brown was either dead, or presumed to be dead, and his interest had been inherited by his brothers and sister, H. L. Brown, J. Hedley Brown and Leila A. Bates.

"VIII. That the suit of W. C. Brown *et al.* against B. Wallace Jones was commenced January 19, 1887, which resulted in a verdict in the following language, rendered October 3, 1891: 'We find for the plaintiffs S. A. Brown and J. Hedley Brown, one undivided one-half of the land in dispute—no damages.' Roll 1 in evidence, including 'exhibits B and C,' in evidence.

"IX. That in 1896, J. Hedley Brown died intestate, leaving as his only heirs Samuel A. Brown and Evelyn M. Brown, a daughter of Holly L. Brown.

"X. That Samuel A. Brown conveyed by deed all his interest in the property in question to A. A. Brown, December 17, 1897, which said deed was recorded in book 'B,' page 229, and is in evidence as 'exhibit M.'

"XI. That M. A. Thomas by his deed conveyed his interest in said land in question to A. A. Brown on November 15, 1899, which was recorded November 15, 1899, in book 'X,' page 432, and is in evidence as 'exhibit L.'

"XII. That under a foreclosure of the mortgage of S. A. Brown to E. H. Williams, one undivided one-fifth interest of S. A. Brown in this property was conveyed to Ella F. Jones.

"XIII. That Evelyn M. Brown is the owner of an undivided one-eighth interest in this property as heir of J. Hedley Brown. Also, that A. A. Brown is the owner of an undivided one-eighth interest in the property in question acquired by purchase from S. A. Brown, 'exhibit M,' the said S. A. Brown having inherited this interest from his brother, J. Hedley Brown. Also, that A. A. Brown is the owner of an undivided one-twentieth interest in this property, acquired by purchase from S. A. Brown—this interest being the dif-

ference between the entire interest of S. A. Brown and the undivided one-fifth interest mortgaged to E. H. Williams."

And further, as conclusions of fact, the referee finds:

"I. That the infant defendant Evelyn M. Brown is entitled to an undivided one-eighth interest in the property in question, inherited from her uncle, J. Hedley Brown, in 1896, and that the said infant is entitled to her proportionate share of the rents and profits during A. A. Brown's exclusive possession, to be offset by her proportionate share of the costs of improvements made by the said A. A. Brown.

"II. That the defendant Ella F. Jones is entitled to an undivided one-fifth interest in the property in question, conveyed to her by deed dated January 7, 1903, under a sale by reason of a judgment in foreclosure of the mortgage of S. A. Brown to E. H. Williams and subsequently assigned to the said Ella F. Jones. And that the said defendant Ella F. Jones is entitled to her proportionate share of the rents and profits collected by A. A. Brown during the year 1903, which amounts to $184, to be offset by her proportionate share of the costs of improvements made by the said A. A. Brown during the year 1903, which amounts to $150, the cost of one tobacco barn completed, and that said Ella F. Jones is the owner and holder of the mortgage of Holly L. Brown to E. H. Williams, conveying an undivided one-fifth interest of the said Holly L. Brown, dated January 5th, 1887, and recorded November 4, 1891. On July 31, 1889, J. A. Kelley, recovered judgment against the said Holly L. Brown and his interest, which was then one undivided one-half, was sold under execution, and this interest conveyed to M. A. Thomas. There was no testimony on the part of defendant Ella F. Jones given to show that notice of the existence of this mortgage was given, whereby the rights of any party to this action would be affected. Nor were any prior assignors of the said note and mortgage made parties to the action of *J. A. Kelley* v. *Holly L. Brown,* 'exhibit J.'

"III. That A. A. Brown acquired an undivided seven-fortieths interest in this land by the deed of S. A. Brown

to A. A. Brown, dated December 17, 1897, 'exhibit M,' and that if the deed of M. A. Thomas to A. A. Brown, dated November 15, 1899, is held valid, then the said A. A. Brown thereby also acquired an undivided one-half interest in the property in question, and under said deed, A. A. Brown took possession of the whole tract in 1900. The facts leading up to the execution of the said deed being as follows:

"(1) That in 1899 this interest was conveyed to M. A. Thomas by J. E. Brockinton, 'exhibit K.'

"(2) That B. Wallace Jones furnished the consideration and the title was made to M. A. Thomas.

"(3) That there was no special agreement between Jones and Thomas, only that Jones requested Thomas to take the deed in his own name.

"(4) That later, at the request of Jones, the sheriff's deed was held as security for a debt which Jones then owed Thomas.

"(5) That Thomas requested Jones to redeem this security, and on the failure of Jones to do so, he, Thomas, notified Jones that he would sell the property if the debt was not satisfied on a certain date.

"(6) That M. A. Thomas did not notify A. A. Brown that he was holding for B. Wallace Jones, or that Jones was in any manner interested in the property, except that in prior agreements concerning this land Jones acknowledged himself to be the agent of M. A. Thomas, and held himself out as such to A. A. Brown ('exhibits H and N').

"(9) That B. Wallace Jones was in possession of this undivided one-half interest, until M. A. Thomas conveyed to A. A. Brown, but held himself out as agent of M. A. Thomas, and rented this property out to tenants.

"IV. That if the deed of M. A. Thomas to A. A. Brown is held valid, and the title to the undivided one-half interest is held to be in B. Wallace Jones, then the said B. Wallace Jones will be entitled to an undivided one-half interest in the property in question, and will be entitled to his proportionate share of the rents and profits during A. A.

Brown's exclusive possession, to be offset by his proportionate share of the costs of improvements made by the said A. A. Brown.

"V. That A. A. Brown, the plaintiff, during the years 1900, 1901, 1902 and 1903, was in exclusive possession of the entire tract in question, and made certain improvements thereon at a cost to the said A. A. Brown of $1,060, not including one tobacco barn burned, which said improvements have materially enhanced the value of the property.

"VI. That A. A. Brown, the plaintiff, during the years 1900, 1901, 1902 and 1903, was in exclusive possession of the entire tract in question, and for the first three years of his possession received rents and profits to the amount of about $170 each year, and for the year 1903 received rents and profits to the amount of about $184—making a total of about $694.

"VII. That it will be to the best interest of the parties concerned to sell the property in question and divide the proceeds according to their respective rights, rather than to have it partitioned in kind."

The Circuit Judge in his decree, which will be reported in this case, held that the plaintiff was entitled to twenty-seven-fortieths of the tract of land. The defendant Ella F. Jones was entitled to eight-fortieths, and the defendant Evelyn M. Brown was entitled to eight-fortieths, and the defendant Evelyn M. Brown was entitled to five-fortieths, and that the partition of the land should be made between those three parties in that way. He also held that B. Wallace Jones was not entitled to any share, and that Ella F. Jones was not entitled to foreclosure of her mortgage and that the whole tract shall be sold to effectuate the partition aforesaid. He also held that the plaintiff should not be required to pay rents and profits to the defendant because the money expended by him for improvements would more than compensate the other parties for their loss of any part of the rents and profits of said lands.

The defendants Ella F. Jones and B. Wallace Jones alone appealed upon six grounds, which are as follows:

"I. His Honor, the Circuit Judge, erred, it is respectfully submitted, in holding and finding that M. A. Thomas, in the purchase of the interest of Holly L. Brown under the Kelley execution, came clearly within the terms of the act which affords protection to subsequent purchasers for valuable consideration without notice. He should have found and held that said Thomas paid no value for the property in question, the purchase price thereof having been furnished by Wallace Jones, and that he never began to hold the deed for value until long after the Williams mortgage had been recorded, and that he could, therefore, not be in the position of a purchaser for value without notice.

"II. His Honor, the Circuit Judge, erred, it is respectfully submitted, in finding and holding that A. A. Brown purchased from M. A. Thomas without such information as would have put him on inquiry as to Jones' rights. He should have held that the very low price at which Thomas sold, and the action of Jones, and the possession of Jones, and the non-action of Thomas, in reference to the property, was entirely sufficient to put Brown on inquiry.

"III. His Honor, the Circuit Judge, erred, it is respectfully submitted, in finding and holding that the finding of the jury in favor of the title of two of his co-plaintiffs, and the fact that they made no finding as to the title of Holly L. Brown, was not a finding to the effect that Holly L. Brown had no interest at the time of the commencement of the suit by Holly L. Brown and his co-plaintiffs for the possession of the property in question. He should have found that the verdict unassailed decided that Holly L. Brown had no interest either at the time of the commencement of the action or at the time when the verdict was rendered, for the reason that the action did not abate by the transfer of any such interest as Holly L. Brown owned, but should have continued for the benefit of the party to whom it is

transferred, and a verdict for the plaintiffs generally would have been a verdict in favor of M. A. Thomas.

"IV. His Honor, the Circuit Judge, erred, it is respectfully submitted, in finding and holding that one of the defenses in answer of the defendant B. Walace Jones could be used as evidence against the defendant in another inconsistent defense. He should have held that the defendant B. Wallace Jones had the right to set up as many inconsistent defenses as he saw fit without one of the defenses having any influence on the other.

"V. His Honor erred, it is respectfully submitted, in holding and finding that A. A. Brown was not in privity to any one who was a party to the suit of W. C. Brown and others against B. Wallace Jones. He should have found and held that A. A. Brown is in privity to Holly L. Brown, who was a party to said suit, the interest of Holly L. Brown, if he had any interest, having been transferred to M. A. Thomas while the suit was pending.

"VI. His Honor erred, it is respectfully submitted, in holding that the cost of the suit from the first reference down to the filing of the referee's report should be paid by Ella F. Jones. He should have required the cost of the entire proceeding to be paid out of the proceeds of sale of the property in question."

We will now pass upon the exceptions in their order.

I. As it is admitted by the appellants there is no dispute as to the interest of the one-half of the 420 acres of land, being the one-half of said property recovered by Samuel A. Brown and J. Hedley Brown against B. Wallace Jones. It is only the one-half of said 420 acres which would have fallen to Holly L. Brown as his three-eighths in his own right and one-eighth by inheritance through W. C. Brown, for it must be constantly borne in mind that B. Wallace Jones did not and does not claim any interest in these 420 acres through his purchase at sheriff's sale of S. O. McCown's interest in said land in the case under the execution of James W. McCants, administrator,

against S. O. McCown. The trouble comes from the fact
that when the suit brought by W. C. Brown, Samuel A.
Brown, Holly L. Brown and J. Hedley Brown against B.
Wallace Jones for the recory of the 420 acres of land, the
verdict rendered in 1891 was alone in favor of Samuel A.
Brown and J. Hedley Brown, and no reference was directly
made in said verdict to B. Wallace Jones, who was the sole
defendant in that suit. In 1889, B. Wallace Jones became,
in equity, the owner of Holly L. Brown's interest at the
price of $50, the sheriff's deed therefor being made to M. A.
Thomas. It is claimed that this state of facts may be traced
to the case of S. A. Brown and others against B. Wallace
Jones, because the verdict did not show what were the
grounds of the jury's finding in favor of S. A. Brown and
J. Hedley Brown alone of all the plaintiffs—W. C. Brown,
S. A. Brown, Holly L. Brown and J. Hedley Brown. There
being an entire absence in the answer of B. Wallace Jones
as to the grounds upon which he resisted the plaintiff's
action. We have no right to assume that the verdict was
rendered for the defendant in that suit. The verdict is
conclusive, however, of the fact that no part of said land
was, in November, 1891, in Holly L. Brown—*Henderson*
v. *Kenner,* 1st Rich., 474; *Jones* v. *Muldrow,* Chev., 254;
*Barker* v. *Legett,* 12 Rich., 198.

It is no part of the duty of the Circuit Judge to decide
that M. A. Thomas paid no value for the property in ques-
tion under the deed made to him by the sheriff in 1889—
two years before the verdict herein discussed—for $50 was
set out in said deed as compensation therefor. The said
Thomas held the land under his purchase at sheriff's sale
through B. Wallace Jones as his agent, and that the Wil-
liams mortgage not being recorded until 1891, could not
have affected him so as to prevent his taking the position
of a purchaser for value without notice. We think the
Circuit Judge was entirely correct in the conclusion reached
by him, corroborated as he is by the report of the special
referee. This exception is overruled.

II. We do not think the Circuit Judge was in error as in this exception complained of, for certain it is that A. A. Brown in his purchase from M. A. Thomas dealt with the legal holder of the title to one-half of the land in question. And the defendant B. Wallace Jones has himself to blame for this condition of the title. He admits that he caused the sheriff's title to be made to M. A. Thomas. Not only so, but he held himself out to the world as the agent of M. A. Thomas, through the papers executed by him as said agent, and also he announced to A. A. Brown that he had no interest in the land himself. The sale, therefore, to A. A. Brown was conclusive against B. Wallace Jones. This exception must be overruled.

III. It is usual that verdicts shall be responsive to the issues raised by the pleadings and the testimony offered in support of the same. It is not unusual that a person who alleges title in himself in his complaint shall be found without title when the action is tried. If there was any irregularity or illegality in the verdict rendered in the case of W. C. Brown *et al.,* plaintiff, *v.* B. Wallace Jones, as sole defendant, the error was that of the defendant himself. We must, therefore, overrule this exception.

IV. We think there is a mistaken apprehension in the minds of the appellants here, for there is no assertion in the Circuit decree of the error here complained of. This exception is overruled.

V. We do not think that A. A. Brown was in privity to any one who was a party to the suit of W. C. Brown and others against B. Wallace Jones. Let this exception be overruled.

VI. This is a cause in equity, and it is in the power of the Circuit Judge in such cases to fix the liability of a party for costs. Ella F. Brown in this case was the direct cause of the litigation here waged. It is in cases on the law side of the Court that the costs follow the event of the suit. The Judge has fixed her liability for costs and we will not interfere—*Brickley* v. *Leach,* 55 S.

C., 510, 33 S. E., 720; *McCanter* v. *Caldwell,* 58 S. C., 65, 36 S. E., 507; *Pruitt* v. *Pruitt,* 59 S. C., 509, 38 S. E., 213, and others.   We overrule this exception.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.